SNEDEGAR, Admx., Appellee,

v.

**MIDWESTERN INDEMNITY COMPANY et al., Appellants;**
**Hartford Accident & Indemnity Company, Appellee.**

[Cite as *Snedegar v. Midwestern Indemn. Co.* (1989), 64 Ohio App.3d 600.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP-517.

Decided Sept. 26, 1989.

*Bradley & Farris Co., L.P.A.,* and *Richard D. Topper, Jr.,* for appellee.

*Lane, Alton & Horst, Jeffrey W. Hutson* and *Karen K. Rosenberg,* for appellants.

*Earl, Warburton, Adams & Davis* and *Thomas L. Davis,* for appellee Hartford Acc. & Indemn. Co.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Midwestern Indemnity Company ("Midwestern"), appellant, from a portion of the October 11, 1988 judgment entry, designated as paragraph two, which states:

"That Cam Whalen's relatives, namely Phyllis Snedegar, Kimberly Whalen and Chad Snedegar, are insureds under the uninsured motorist's provision of Policy No. 34 101326616, pursuant to the section which provides coverage for 'any person for damages that person is entitled to recover because of bodily injury to "a relative." ' "

The underlying facts are as follows: On January 10, 1984, Cam Whalen, a minor, was killed as a result of the carelessness of a hit-and-run driver. Cam was struck by a car when he was walking back to his mother's car after telephoning his stepfather to tell him that his mother's car had broken down. Thus, Cam was not occupying any vehicle at the time he was struck and killed. Cam's mother, Phyllis Snedegar, as administrator of Cam Whalen's estate, filed a declaratory judgment action against Midwestern to determine whether Cam, Cam's stepbrother, sister, and mother were "insureds" and entitled to recover damages under the uninsured motorists provision in a policy issued by appellee to Cam's father, Jim Whalen, Mrs. Snedegar's former husband.

Based upon the disposition of the parties' various summary judgment motions, appellee Phyllis Snedegar filed an appeal to this court asserting that the trial court erred in finding that appellant's decedent, Cam Michael Whalen, was not an insured motorist under the uninsured motorist provision of his father's Midwestern automobile insurance policy, thereby overruling appellant's motion for summary judgment and granting Midwestern's motion for summary judgment. It was determined by this court in *Snedegar v. Midwestern Indemn. Co.* (1988), 44 Ohio App.3d 64, 541 N.E.2d 90, that Cam Whalen was a "relative" as defined by the Midwestern policy. Since Cam was a "relative" according to the policy provisions, he was also an "insured" and his survivors were entitled to recover survivorship damages from Midwestern.

Following this court's determination that Cam Whalen was insured under the Midwestern policy, appellee selected an arbitrator according to the procedure set forth in the Midwestern policy. Midwestern refused to name an arbitrator, and appellee applied to the trial court for an appointment of an arbitrator for Midwestern pursuant to R.C. 2711.04. In its judgment entry, the trial court determined that Cam Whalen, Phyllis Snedegar, and Cam's stepbrother and sister were "insureds" according to the Midwestern policy language and ordered that the matter proceed to arbitration. Midwestern filed a motion for reconsideration and only took issue with the trial court's determination that Cam Whalen's mother, stepbrother and sister were "insureds," and entitled to recover under the uninsured motorist provision of the Midwestern policy. In overruling appellant's motion for reconsideration, the trial court stated in its September 23, 1988 decision that the court of appeals had resolved the threshold question that beneficiaries who are relatives may be able to recover damages, and quoted the following excerpt from the appellate decision:

" 'As a "relative," according to the policy provisions, Cam was also an insured under the Midwestern policy, therefore Cam's estate may recover survivorship damages from Midwestern. Upon proper proof, Cam's beneficiaries who are relatives may also be able to recover damages from Midwestern due to Cam's death because of the policy provision which states that an insured also includes "any person for damages that person *is legally entitled to recover* because of bodily injury to * * * a relative * * *." ' " (Emphasis added.)

Upon remand, appellee Phyllis Snedegar sought arbitration, pursuant to the Midwestern agreement, and submitted the claims brought by the decedent's estate, and the claims of Phyllis Snedegar, Chad Snedegar and Kimberly Whalen.

Thus, the second paragraph of the trial court's October 11, 1988 judgment entry states:

"That Cam Whalen's relatives, namely Phyllis Snedegar, Kimberly Whalen and Chad Snedegar, are insureds under the uninsured motorist's provision of Policy No. 34 101326616, pursuant to the section which provides for coverage for 'any person for damages that person is entitled to recover because of bodily injury to a "relative." ' "

Midwestern filed a motion to stay the arbitration, which motion was overruled. The arbitration hearing proceeded and the panel awarded $650,000 in wrongful death damages to Phyllis Snedegar, Chad Snedegar and Kimberly Whalen, and $25,000 in survivorship damages to Cam's estate. Currently pending in the Franklin County Common Pleas Court in a separate action is a motion to confirm the arbitration award, an action to award the estate $205,000 from the remaining available Midwestern coverage, and a motion to set a hearing regarding prejudgment interest. Appellant now appeals the determination made in the second paragraph of the trial court's October 11, 1988 judgment entry, which was rendered final by the trial court's resolution of all other claims in its March 29, 1989 judgment entry. Appellant asserts the following sole assignment of error:

"The trial court erred by finding that plaintiff-appellee Phyllis Snedegar, Kimberly Whalen, and Chad Snedegar were 'insured persons' within the meaning of the insurance policy issued by defendant-appellant Midwestern to James M. Whalen."

The pertinent Midwestern policy provision provides:

"1.  'Insured person' means:

"a.  You or a relative.

"b.  Any other person occupying your insured car.

"c.  Any person for damages that person is entitled to recover because of bodily injury to you, a relative, or another occupant of your insured car."

Appellant argues that "insured persons" under this policy provision is interpreted to include: (1) the named insured; (2) relatives of the named insured; (3) occupants of the insured car; and (4) any person entitled to recover damages because of injury to an occupant of the insured car. As applied to the facts of the matter herein, appellant argues that Phyllis Snedegar and Chad Snedegar cannot recover since they are not related to the named insured, James Whalen. The named insured's daughter, Kimberly Whalen, is a relative but there has been no showing of proof that she lives in her father's household, and therefore, appellant asserts that she cannot recover under this policy provision. Furthermore, appellant argues that

neither Phyllis Snedegar, Chad Snedegar nor Kimberly Whalen can recover since they themselves were not occupants of the car.

Appellant specifically interprets the terms in paragraph 1c, "you" the named insured, and a "relative," to apply only in the context that "you" and a "relative" were occupants of the insured car. Thus, since the decedent-relative, Cam Whalen, was not occupying the insured vehicle at the time of the accident, appellant asserts that no one is legally entitled to recover for damages pursuant to paragraph 1c of the Midwestern policy.

■ The construction and effect of a written contract of insurance is a matter of law to be determined by the court. *U.S. Fid. & Guar. Co. v. Commercial Shearing & Stamping Co.* (App.1933), 14 Ohio Law Abs. 565.

Ohio has traditionally given a liberal interpretation to insurance coverage. Ambiguities within a policy are always resolved in favor of the insured. *Bobier v. Natl. Cas. Co.* (1944), 143 Ohio St. 215, 28 O.O. 138, 54 N.E.2d 798. The test to be applied by the court in determining whether there is an ambiguity is not what the insurer intended its words to mean, but what a reasonably prudent person applying for insurance would have understood. See 2 Couch on Insurance 2d (1984) 416, Section 15:84. Thus, the criterion is ambiguity from the standpoint of a layman, not a lawyer. Likewise, language used for exceptions or exclusions in insurance policies is strictly construed in favor of the insured, and coverage against the insurer. See 2 Couch on Insurance 2d (1984) 438, Section 15:92. Furthermore, language used in an insurance contract is given its common and ordinary meaning. *Bobier, supra.*

■ In the facts before this court, it is apparent that if the insurer wanted to limit coverage only to those insureds who were occupants of the car it would have added the phrase "occupying your insured car" to the phrase "[y]ou or a relative" in paragraph 1a, thus making it consistent with the language that appears in paragraph 1b which states "any other person occupying your insured car." When referring back to paragraphs 1 and 1b, paragraph 1c cannot be limited to those insured persons who were occupants of the car. The specific exclusion requiring that the insured, relative of the named insured, or "another" be occupants of the insured vehicle is not succinctly set forth in paragraph 1c, which states that an "insured person" means:

"Any person for damages that person is entitled to recover because of bodily injury to you, a relative, or another occupant of your insured car."

An analysis of paragraph 1c does demonstrate that the language, when isolated from paragraphs 1 and 1b, is, arguably, susceptible to an interpretation that it refers only to those insured persons who were occupants of the insured car. However, the rule that modifying clauses generally modify the

nearer, rather than the more remote antecedent, although not *ipso facto* controlling, is one of a series of interpretive guides. See *Ames v. Baker* (1966), 68 Wash.2d 713, 415 P.2d 74. When referring back to paragraph 1a, the phrase "[y]ou or a relative" does not include the limiting language of "occupying your insured car" as does paragraph 1b in regard to "any other person occupying your insured car." Thus, given the ambiguous language of paragraph 1c, the only logical interpretation is that the persons referred to by "[y]ou or a relative" are not required to be occupants of the insured car, whereas "another occupant," *e.g.,* a friend or neighbor, would have to be occupying the insured car, as set forth in paragraph 1b, for any other person to be able to recover in an action derivative in nature.

Accordingly, since the language in paragraph 1c is ambiguous when read together *in pari materia* with paragraphs 1 and 1b, the ambiguous language in the insurance policy must necessarily be resolved in favor of the insured. See *Bobier, supra.* Thus, appellant's sole assignment of error is not well taken and is overruled.

In her brief, appellee Phyllis Snedegar requests that this court grant her attorney fees and expenses on the basis that appellant filed a frivolous appeal. However, her request is not in the form of a motion nor was it filed as a basis for a cross-appeal. Furthermore, appellant's appeal did not constitute a frivolous appeal. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

McCormac, P.J., and Whiteside, J., concur.