STAHL et al., Appellees,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

[Cite as *Stahl v. State Farm Mut. Auto. Ins. Co.* (1992), 82 Ohio App.3d 599.]

Court of Appeals of Ohio,
Hancock County.

No. 5–92–10.

Decided Sept. 25, 1992.

**600**

*Robert A. Fry,* for appellees.

*Stephen F. Korhn,* for appellant.

EVANS, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Hancock County in an action for declaratory judgment filed by the plaintiffs, Helen K. Stahl and Carl J. Peterman ("appellees"). The trial court denied the motion for summary judgment of State Farm Mutual Automobile Insurance Company ("appellant") and ordered appellant to submit appellees' claims to

arbitration, as provided in the parties' contract for underinsured motorist insurance.

In July 1984, appellees were injured in an automobile collision with a negligent driver, David Myers. Myers's insurance coverage with Allstate Insurance Company was limited to $50,000 for each injured victim. Appellees' insurance policy with appellant had higher limits, including underinsured motorist protection, thus potentially entitling appellees to additional coverage for their injuries, if the extent of the injuries were to exceed the Allstate limits.

Eventually, both appellees settled their claims with Myers's insurance company and released Myers from further liability. Stahl agreed to a payment of $45,000; Peterman settled his claim for $1,500.

The dispute arose in this case when appellees each asserted that their injury claims exceeded the $50,000 limits of the tortfeasor's liability insurance, and requested arbitration of their claims under the underinsured motorist provision of the parties' insurance policy. Appellant repeatedly asserted that coverage would be denied until and unless appellees had "exhausted" the limits of the tortfeasor's policy, or had been offered a settlement of the full amount available ($50,000) under the policy.

On November 19, 1987, after protracted communication between the parties concerning the underinsured motorist coverage, appellees filed a complaint for declaratory judgment against appellant, requesting the court to order appellant to submit appellees' claim to arbitration as provided by the insurance policy. In its answer to the complaint, appellant defended its denial of appellees' request for arbitration by asserting that appellees' settlement of the underlying tort claims and release of the tortfeasor from further liability without appellant's consent (1) violated the exhaustion of limits requirement of the applicable insurance policy, and (2) destroyed appellant's rights of subrogation against the tortfeasor, in violation of the policy's requirement that the insureds take no action which would prejudice those rights.

On September 14, 1989, appellant filed a motion for summary judgment, based upon the holding of the Supreme Court of Ohio in *Bogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St.3d 22, 521 N.E.2d 447 (provider of underinsured motorist coverage may reasonably refuse to grant advance consent for its insured to settle with tortfeasor), overruled in part by *McDonald v. Republic–Franklin Ins. Co.* (1989), 45 Ohio St.3d 27, 543 N.E.2d 456. Based upon "the pleadings, Motion and Memorandum in Support, Memorandum in Opposition, Stipulations, Defendant's Supplemental Memorandum, Depositions, Affidavits and Exhibits," and the relevant law, the trial court denied

appellant's motion for summary judgment and granted summary judgment to appellees,[1] declaring their rights to be as follows:

"(a) Plaintiffs are found to have the protection of and are entitled to underinsured coverage by reason of the terms and provisions of the insurance contract with the defendant, * * * as applied to the facts of this case.

"(b) Defendant is required to submit plaintiffs' claims under said policy to arbitration to decide the total amount of their damages.

"3. Defendant shall pay the costs of this action * * *."

Appellant has appealed the court's denial of its motion for summary judgment and judgment for appellees, supporting its appeal with two claims of error. Since appellant's "assignments of error" do not comport with the appellate rules,[2] and the current applicable law clearly supports the trial court's judgment, we are constrained to interpret appellant's appeal as assigning error in the trial court's grant of summary judgment based on the existence of an undetermined issue of fact, *i.e.*, whether appellees' demand for a response to their notice of intent to settle within seven days was unreasonable.

I

"The trial court erred in ordering Defendant–Appellant to arbitrate Plaintiffs–Appellees' underinsured motorists claims as Plaintiffs/Appellees' seven day time demand to accept its settlement offer did not allow State Farm a reasonable opportunity to evaluate its position and to protect its subrogation rights before Plaintiffs–Appellees released the tortfeasor."

---

1. Appellant has not appealed the court's grant of summary judgment to the "nonmoving party" on procedural grounds. The Supreme Court of Ohio, following federal precedent, has determined that such judgment is permissible in certain circumstances:

"An entry of summary judgment, pursuant to Civ.R. 56, against the moving party by a Court of Appeals does not prejudice the moving party's "due process" rights where all the evidence material to the issue being litigated is before the court, and the record shows that no genuine issue as to any material fact exists and that the nonmoving party is entitled to judgment as a matter of law." *Houk v. Ross* (1973), 34 Ohio St.2d 77, 63 O.O.2d 119, 296 N.E.2d 266, paragraph one of the syllabus.

Since evidence relevant to all justiciable issues had been submitted for the court's consideration herein, and the court was the finder of fact in this declaratory judgment action, the court properly "cut through" the "procedural niceties," making "the same decision as would have been made had [appellees] made a cross-motion for summary judgment," and proceeded to a declaration of appellees' rights, as requested by their complaint. See *id.* at 84–85, 63 O.O.2d at 123–124, 296 N.E.2d at 271–272 (quoting *Internatl. Hod Carriers v. Mason Tenders Dist. Council* [C.A.2, 1961], 291 F.2d 496, 505).

2. See App.R. 16 (1991) and amended App.R. 16, which became effective in July 1, 1992. Staff notes to the amended rule clearly explain the proper formulation of assignments of error and issues presented for review in all Ohio appellate courts.

Appellant argues in its brief that its position is supported by *McDonald v. Republic–Franklin Ins. Co.* (1989), 45 Ohio St.3d 27, 543 N.E.2d 456, wherein the Supreme Court stated:

"We hold that when an insured has given his underinsurance carrier notice of a tentative settlement prior to release, and the insurer has had a reasonable opportunity to protect its subrogation rights by paying the underinsured motorist benefits before the release but does not do so, the release will not preclude recovery of underinsurance benefits. * * * The insurer's failure to respond, within a reasonable time, to notification by its insured of a settlement offer will operate to void a subrogation clause in the insurer's underinsured motorist provision." (Citation omitted.) *Id.* at 31, 543 N.E.2d at 460.

Appellant contends that its subrogation rights were wrongfully destroyed by appellees' release of the tortfeasor, contrary to the policy's requirement that an insured could not recover if it took action which prejudiced the rights of the insurer to subrogate itself to the claims of its insureds. Thus, appellant argues that since appellees gave appellant only seven days' notice that they intended to settle with the tortfeasor, it was not given a reasonable time, pursuant to *McDonald*, to determine the merit of appellees' claim and thus give an "educated" consent to the settlement.

However, we find that the record adequately supports the trial judge's implicit factual finding that appellant received adequate notice of appellees' intent to settle with the tortfeasor and Allstate for the policy limits,[3] such that appellant could have, by granting its consent for the settlement, protected its subrogation rights by paying appellees the "settled on" amount and then proceeding to arbitration. In this case, appellant was made aware of appellees' intent not only seven days before the settlement, but also by letter and verbal communications at least a month earlier. Therefore, appellant's first assignment of error is overruled.

## II

"The trial court erred in ordering Defendant–Appellant to arbitrate Plaintiff–Appellee Carl Peterman's underinsured claim as an insured's settlement

---

**3.** Appellees' settlement of $45,000, $5,000 less than the policy limit, is considered a settlement which "exhausts" the policy limits. In *Bogan v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St.3d 22, 521 N.E.2d 447, the court found that, in order to encourage settlement of claims, under these circumstances such unpaid amount "may well represent the savings in litigation costs for both sides," and thus is a satisfaction of the contractual requirement. The *Bogan* court held in paragraph two of the syllabus that an "exhaustion by payment" clause in a contract of insurance is fulfilled when an injured insured "receives from the underinsured tortfeasor's insurance carrier a commitment to pay an amount in settlement with the injured party retaining the right to proceed against his underinsured motorist insurance carrier only for those amounts in excess of the tortfeasor's policy limits."

for less than the tortfeasor's liability limit must have a reasonable relationship to the tortfeasor's policy limits and the 'gap' forfeited must be reasonably related to genuine savings in litigation. A settlement for $1,500 of a tortfeasor's $50,000 limits constitutes an abandonment of the balance of any claim."

The second assignment of error is well taken, for the reasons stated in appellant's contention, *supra*. See *Queen City Indemn. Co. v. Wasdovich* (May 31, 1990), Cuyahoga App. No. 56888, unreported, 1990 WL 71536. We agree with the rationale of the court in *Queen City*, which states as follows:

"[W]e find that the settlement here for thirty thousand dollars less than the tortfeasor's liability limit does not represent a genuine savings in litigation expense as contemplated in *Bogan* or as a matter of practicality receipt of the entire proceeds of the policy. Rather, we find that the [injured parties'] settlement with [the tortfeasor's insurance company] for substantially less than [the policy limits] constituted an abandonment of their claim." *Queen City, supra,* at 2.

In the case before us, the Allstate policy limit of $50,000 was clearly not exhausted by Peterman's settlement of $1,500, for legal or practical purposes. We therefore sustain the second assignment of error.

Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court, only as to appellee Peterman. The cause is remanded to the trial court for dismissal of Peterman's complaint. The judgment of the trial court concerning Stahl is affirmed.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.