DONOVAN et al., Appellants,

v.

STATE FARM AUTOMOBILE INSURANCE COMPANY, Appellee.

[Cite as *Donovan v. State Farm Auto. Ins. Co.* (1995), 105 Ohio App.3d 282.]

Court of Appeals of Ohio,
Third District, Allen County.

No. 1–94–80.

Decided July 31, 1995.

*DaPore & Associates Co., L.P.A.,* and *Robert D. Palmer,* for appellants.

*Young & Alexander Co., L.P.A.,* and *John A. Smalley,* for appellee.

EVANS, Judge.

Plaintiffs-appellants, Grant R. Donovan, Michelle Donovan, and Reid Donovan, appeal from summary judgment granted against them in their declaratory judgment action against appellee, State Farm Automobile Insurance Company. The appellants sought a declaration as to the availability of uninsured motorist coverage under either of two separate insurance policies issued by the appellee. For the reasons that follow, the judgment of the trial court is affirmed.

## I.

The undisputed facts, taken in a light most favorable to the appellants, follow. On November 27, 1993, Charles C. Hoover, an uninsured motorist, collided with the appellants' 1986 Chrysler LeBaron. At the time of the accident, the appellants were insured under two separate policies with the appellee: one for the LeBaron ("LeBaron policy") and another for the appellants' Nissan Sentra ("Nissan policy"). The appellants paid a separate premium for each policy. Each of the policies carried liability and uninsured motorist coverage limits of $300,000 per accident. The appellants' uninsured motor vehicle coverage contained the following exclusionary language, typically referred to as the "other owned vehicle" exclusion:

**"THERE IS NO COVERAGE:**

"  *  *  *

"2.  For Bodily injury to an insured:

"a.  While occupying, or

"b.  Through being struck by

"A motor vehicle owned by you, your spouse or any relative if it is not insured for this coverage under this policy."

Both the LeBaron and Nissan policies included the following provision:

"IF OTHER POLICIES ISSUED BY US APPLY:

"If two or more motor vehicle liability policies issued by us to you providing uninsured motor vehicle coverage apply to the same accident, the total limits of liability under all such policies shall not exceed that of the policy with the highest limit of liability."

This provision precludes the stacking or aggregation of multiple uninsured limits of policies that have been purchased by the same family (intrafamily stacking).

On December 15, 1993, the parties executed a form "Release and Trust Agreement" ("Release") for the consideration of $1,000 in full settlement and final discharge of all claims under the LeBaron policy resulting from the accident. The Release provides in pertinent part:

"Received of State Farm Mutual Insurance Company hereinafter called the Company, the sum of $1,000.00 in full settlement and final discharge of all claims under the above numbered policy [the LeBaron policy] because of bodily injuries known and unknown and which have resulted or may in the future develop, sustained by Grant, Michelle, and Reid Donovan by reason of an accident or occurrence arising out of the ownership or operation of an uninsured automobile by Charles Hoover which occurred on or about the 27th day of November 1993 at Route 117 and Wonderlick Road, Lima, Ohio.

"For the consideration aforesaid, and to the extent of any payment made thereunder, the undersigned agrees to hold in trust for the benefit of the Company all rights of recovery which he shall have against any person or organization legally liable for such bodily injuries, and assigns to the Company the proceeds of any settlement with or judgment against such person or organization."

After signing the Release, Grant Donovan received approximately $13,000 under the LeBaron's medical payment coverage. From late December 1993 through April 1994, Grant Donovan also received $250 per week under the LeBaron's disability coverage.

On April 11, 1994, the appellants brought a declaratory judgment action against the appellee, seeking a declaration that they were entitled to uninsured motorist coverage under either or both of the two policies issued by the appellee. In response, the appellee filed a counterclaim for declaratory judgment and breach of contract, asserting that the Release executed by the appellants barred their claims.

On May 18, 1994, the appellants moved for judgment on the pleadings pursuant to Civ.R. 12(C). On May 27, 1994, the appellants moved to convert their Civ.R. 12(C) motion into one for summary judgment. The trial court granted the motion to convert. On September 29, 1994, the appellants dismissed their first cause of action, wherein they sought a declaration of coverage under the LeBaron policy. The appellants' remaining claim against the appellee sought a declaration as to the availability of uninsured motorist coverage under the Nissan policy.

The appellee opposed the appellants' motion for summary judgment. The trial court denied the appellants' motion for summary judgment and granted summary judgment in favor of the appellee.[1] The trial court concluded that the release barred the appellants' suit. From that judgment the appellants bring this appeal.

## II

The appellants assert two assignments of error for our review:

### ASSIGNMENT OF ERROR NO. I

"The trial court erred in entering summary judgment in favor of defendant, State Farm Insurance Company, and in failing to enter summary judgment in favor of plaintiffs."

### ASSIGNMENT OF ERROR NO. II

"The trial court erred in failing to follow clearly established precedent law by refusing to hold an 'other owned vehicle' insurance policy exclusion invalid in the

---

1. The appellants do not assert as error the trial court's grant of summary judgment to the nonmoving party. We believe, however, as do the parties, that the trial court expressly declared the rights and obligations of the parties in its entry granting summary judgment in favor of the appellee. Therefore, the procedural and factual posture of this appeal fits within the exception enunciated by the Supreme Court of Ohio in *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 27 OBR 442, 500 N.E.2d 1370, where the court held: "While Civ.R. 56(C) does not ordinarily authorize courts to enter summary judgment in favor of a non-moving party, *Marshall v. Aaron* (1984), 15 Ohio St.3d 48 [15 OBR 145, 472 N.E.2d 335], syllabus, an entry of summary judgment against the moving party does not prejudice his due process rights where all relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." *Id.* at 28, 27 OBR at 444, 500 N.E.2d at 1373; see, also, *Stahl v. State Farm Mut. Auto. Ins. Co.* (1992), 82 Ohio App.3d 599, 602, 612 N.E.2d 1260, 1261, fn. 1.

context of uninsured motorist coverage as contrary to the mandates of R.C. 3937.18."

Because the issues raised by the appellants are interconnected, they will be treated together. Summary judgment may be properly granted where "(1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion; and (4) viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 520, 634 N.E.2d 608, 610–611, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273–274. A reviewing court applies Civ.R. 56(C) to the evidence and allegations contained in the record. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 30 OBR 78, 78–79, 506 N.E.2d 212, 214–215.

■ The appellants submit that the trial court erred by improperly widening the scope of the Release, because the terms of the Release provide only for the "full settlement of all claims under the *above numbered [LeBaron] policy.*" (Emphasis added.) The appellants maintain that under the plain language of the Release they did not discharge any potential claims pertaining to the Nissan policy. The appellee, on the other hand, asserts that the Release settled all claims for uninsured motorist coverage, because the settlement of a claim for $1,000 when there is $300,000 in coverage available represents an abandonment of a claim for excess uninsured motorist coverage under the Nissan policy.

"A release of a cause of action for damages is ordinarily an absolute bar to a later action on any claim encompassed within the release." *Haller v. Borror Corp.* (1990), 50 Ohio St.3d 10, 13, 552 N.E.2d 207, 210, citing *Perry v. M. O'Neil & Co.* (1908), 78 Ohio St. 200, 85 N.E. 41. In *Shifrin v. Forest City Ent., Inc.* (1992), 64 Ohio St.3d 635, 638, 597 N.E.2d 499, 501, the Supreme Court of Ohio set forth the analysis for evaluating whether a release agreement is ambiguous:

"Generally, courts presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. *Kelly v. Med. Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus; *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 544 N.E.2d 920, syllabus. Only when the language of a contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions. *Kelly, supra,* at 132, 31 OBR at 290, 509 N.E.2d at 413. When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. *Alexander v.*

*Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 246, 7 O.O.3d 403, 406, 374 N.E.2d 146, 150."

Despite the fact that the appellants released their claims only under the LeBaron policy, we believe that the appellants are precluded from seeking coverage under the Nissan policy because the appellants' settlement of their claim for uninsured motorist coverage for $1,000 amounts to an abandonment of their claim for excess uninsured motorist coverage under the Nissan policy.

It is undisputed that the appellants settled their claim for uninsured motorist coverage for $1,000 when their policy limit was $300,000. In *Stahl v. State Farm Mut. Auto. Ins. Co.* (1992), 82 Ohio App.3d 599, 604, 612 N.E.2d 1260, 1262–1263, citing *Queen City Indemn. Co. v. Wasdovich* (May 31, 1990), Cuyahoga App. No. 56888, unreported, 1990 WL 71536, we held:

"[W]e find that the settlement here for thirty thousand dollars less than the tortfeasor's liability limit does not represent a genuine savings in litigation expenses as contemplated in *Bogan* [*v. Progressive Cas. Ins. Co.* (1988), 36 Ohio St.3d 22, 521 N.E.2d 447, modified by *McDonald v. Republic–Franklin Ins. Co.* (1989), 45 Ohio St.3d 27, 543 N.E.2d 456] or as a matter of practicality receipt of the entire proceeds of the policy. Rather, we find that the [injured parties'] settlement with [the tortfeasor's insurance company] for substantially less than [the policy limits] constituted an abandonment of their claim." *Queen City, supra,* at 2.

In the present case, the appellants accepted a settlement offer of $1,000 when their policy limit was $300,000. In light of our decision in *Stahl,* we conclude that the LeBaron policy limit was not exhausted by the appellants' settlement, which therefore amounts to an abandonment of their claim for excess uninsured motorist coverage under the Nissan policy, as the settlement represented "neither a saving in litigation costs nor a receipt of the entire policy for practical purposes." *Motorists Mut. Ins. Co. v. Grischkan* (1993), 86 Ohio App.3d 148, 153, 620 N.E.2d 190, 194.

While *Grischkan, Stahl,* and *Queen City* all involved an individual's settlement with the tortfeasor's insurance carrier, followed by an attempt to proceed against his own underinsured motorist coverage carrier for those amounts in excess of the tortfeasor's policy limits, we see no reason why the analysis developed in this line of cases cannot apply where, as is the case here, an injured insured voluntarily settles his claim for uninsured motorist coverage with his own carrier for an amount substantially less than the coverage available, and then seeks excess coverage under a second policy with his own carrier. The relevant inquiry in this case, as in the above-cited cases, is whether the injured insured exhausted his coverage under one policy before proceeding against another policy for excess coverage.

Assuming *arguendo* that the appellants' settlement constituted an exhaustion of the $300,000 limit under *Bogan*, 36 Ohio St.3d 22, 521 N.E.2d 447, paragraph two of the syllabus, therefore permitting them to seek excess uninsured motorist coverage, it is undisputed that the limits of the uninsured motorist coverage are identical ($300,000 each), and both contain intrafamily antistacking provisions that are valid under both the holding of *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, paragraph two of the syllabus, and the recently enacted S.B. 20, codified at R.C. 3937.18(G)(2) (effective 10–20–94). Therefore, even if the appellants did, in fact, exhaust the limits of the LeBaron policy by the settlement, the appellants cannot seek coverage under the Nissan policy due to the intrafamily antistacking provisions contained in both policies.

■ The appellants' contention that the "other owned vehicle" exclusion violates R.C. 3937.18 and is therefore invalid, while a true statement under the holding of *Martin v. Midwestern Group Ins. Co.* (1994), 70 Ohio St.3d 478, 639 N.E.2d 438, paragraph three of the syllabus, also fails to consider the effect of antistacking provisions contained in both of the policies. These antistacking provisions are valid contract terms that operate independently of the "other owned vehicle" exclusion, thus precluding the appellants from aggregating multiple insurance policies beyond that of the policy with the highest limit of liability.

The appellants' two assignments of error are overruled.

### III

Having found no error prejudicial to the appellants herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, J., concurs.

SHAW, J., dissents.