This is an appeal from a summary judgment entered by the Lawrence County Common Pleas Court in favor of State Farm Mutual Automobile Insurance Company, defendant below and appellee herein, against John D. Waugh, plaintiff below and appellant herein.
Appellant assigns the following error:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND ENTERING JUDGMENT IN FAVOR OF THE DEFENDANT STATE FARM INSURANCE COMPANY BASED UPON ITS DETERMINATION THAT THE PLAINTIFF-APPELLANT JOHN WAUGH WAS NOT AN INSURED UNDER HIS PARENTS' UNDERINSURED MOTORISTS COVERAGE THROUGH STATE FARM INSURANCE COMPANY."
On January 23, 1997, appellant filed the instant action alleging, in pertinent part, that he is entitled to recover under the underinsured motorist and medical payment provisions of the policy between his parents and appellee, for injuries he suffered in an automobile accident on July 14, 1996. The accident occurred when William Akers was driving appellant's parents' automobile without their permission. Appellant, a passenger in the automobile, suffered a traumatic amputation of his left leg below the knee when the automobile struck an embankment and rolled over several times.
At the time of the accident, appellant was nineteen years old and had been living in a house trailer with his wife[2] and her young child for approximately five months. Appellant's older brother had previously purchased the trailer, moved it onto their parents' property, and lived in it with his wife and children. Appellants' parents live in a house on the same property. The house and the trailer share a mailbox, yard, and driveway.
When questioned by appellee's claims specialist Tamara S. Basham, appellant stated in pertinent part as follows regarding his parents, the house, and the trailer:
 "A. They don't come in my house and I don't go in theirs.
 Q. I understand, everybody needs their privacy, I understand that, so you don't have a key to their house?
A. No.
Q. Okay.
 A. Unless on special occasions that we go . . they . . they go out of town, we got to take care of the animals of something.
 Q. I understand, I understand, okay, um, do you um, who pays your utilities?
A. We do.
Q. You and Jennifer [appellant's wife]?
A. Right.
* * *
 Q. . . . so really it's two separate places, is that right?
A. Yeah."
Appellant's mother, in her deposition, testified in pertinent part as follows concerning appellant's living arrangements:
 "Q. Who did John live with at the time of the accident?
 A. He lived in the trailer at the time of the accident.
Q. With whom?
A. Huh?
Q. With whom?
A. With his wife, Jennifer.
 Q. And it had been about six (6) months since he had lived with you and your husband?
A. Probably.
 Q. Okay. In your mind was that to be a permanent arrangement that he would have his own house?
A. Yes.
Q. His own home?
A. Right."
Appellant's father, in his deposition, testified in pertinent part as follows that appellant was not living with him at the time of the accident:
 "Q. Okay. After John moved into the trailer did you have any intention that he would move back home with you and your wife?
A. No.
Q. Any why is that?
 A. Well, get rid of him. That's to be a fact, he's a pain in the ole hind in. (sic)
 Q. So what you're saying is he was an adult and you wanted him out?
A. Right.
Q. On his own?
 A. It was time for him to go, you know, but it's hard to get him moving."
Appellant and his father disagreed about whether appellant and his wife paid rent and utilities for the trailer. Appellant, in his deposition, testified that he and his wife paid $150 per month rent and utilities for the trailer. Appellant's father, in his deposition, testified that appellant and his wife did not pay rent and most of the time did not pay utilities. Appellant's father further testified that the trailer has its own electric and water hookups, which are listed in his name rather than appellant's name.
At the time of the automobile accident, appellant and his parents had separate automobile insurance policies. Appellant had an automobile insurance policy with Progressive Insurance Company, which has tendered its $13,500 policy limit to appellant as a result of the accident. Appellants' parents had an automobile insurance policy with appellee.
In this action, appellant seeks to recover from the underinsured motorists and medical payments provisions in his parents' policy with appellee. The uninsured/underinsured motorists provisions of that policy provide in pertinent part as follows:
"Who Is an Insured
 Insured — means the person or persons covered by uninsured motor vehicle coverage. This is:
1. the first person named in the declarations;
2. his or her spouse;
3. their relative; and;
* * *"
The policy defines "relative" as follows:
 "Relative — means a person related to you or your spouse by blood, marriage or adoption who lives primarily with you. It includes your unmarried and unemancipated child away at school."
(Emphasis added.)
The policy does not define the phrase "lives primarily with you." Appellant claims he qualifies as an insured under his parents' policy because he "lives primarily with" his parents.
On March 31, 1998, appellant filed a motion for summary judgment. In his memorandum in support of the motion, appellant argued that "the only determination to be made by this Court is what the language 'lives primarily with you' means." Appellant noted that the insurance policy between his parents and appellee does not define the term "primarily." After reciting the facts of this particular case, appellant asserted that the phrase "lives primarily with you" could reasonably be defined "as a relative who spends much or most of their time in the home of the named insured for a period of some duration or regularity."
In support of his argument that he "lives primarily with" his parents, appellant noted that he has "sometimes" slept, ate, watched television, and stored possessions in his parents' home. When asked how often he slept at his parents' home before he and his wife were married, he answered, "Not often, just a few times." Appellant's mother, in her deposition, explained that the possessions that appellant stored in her home were "things hanging on the wall that kids just don't want in their own home but mom'll take care of it, you know, stuff like that." Appellant, in his deposition, explained that he stored at his parents' home "just personal belongings that I didn't have room for, such as big dressers and my gun cabinet and stuff like that." Appellant admitted that although he sometimes ate with his parents, he had separate kitchen and cooking facilities in his trailer.
On May 27, 1998, the trial court entered judgment denying appellant's motion for summary judgment. The trial court wrote that "[t]he defining point of this decision rests upon the meaning of 'lives primarily with you.' " After finding that dictionaries define the word "primarily" as meaning "first," "chiefly," and "principally," the trial court concluded that the evidence in the case reveals that appellant does not live primarily with his parents. The court wrote in pertinent part as follows:
 "According to the evidence before the court, John Waugh's chief and principal place of residence is not the house of his parents, Eldon and Sandra Waugh. The court finds that the said Plaintiff has established his own residence at the said trailer, owned by his brother. Location of the trailer on the property of his parents is not sufficient to meet the definition of 'lives primarily with.' An occasional meal or social activity with his parents also fails to meet this definition. The said trailer was a complete home with all of the essentials to maintain a separate and independent household and was under a separate and distinct roof than that of his parents' home. By not 'living primarily with' said parents, John Waugh is not an insured and Plaintiff's Motion for Summary Judgment is denied."
On June 22, 1998, the trial court entered a nunc pro tunc
judgment granting summary judgment to appellee. The trial court wrote in pertinent part as follows:
 "It is the further finding of the Court that although defendant State Farm Mutual Automobile Insurance Company (hereafter State Farm) did not move for summary judgment, that no issue as to any material fact exists, that the Court's findings are determinative of the dispute between plaintiff and defendant State Farm, and accordingly defendant State Farm is entitled to judgment herein as a matter of law."
Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant asserts that the trial court erred by denying his motion for summary judgment and granting summary judgment in favor of appellee.[3] Summary judgment is appropriate when the movant demonstrates: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner
(1993), 67 Ohio St.3d 337, 339-340, 617 N.E.2d 1123, 1126;Bostic v. Conner (1988), 37 Ohio St.3d 144, 146,524 N.E.2d 881, 884; Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. The moving party bears the burden of proving no genuine issue of material fact exists.Dresher v. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264;Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798, 801.
When reviewing a summary judgment, an appellate court must independently review the record to determine if summary judgment was appropriate. An appellate court need not defer to the trial court's decision in summary judgment cases. SeeMorehead v. Conley (1991), 75 Ohio App.3d 409, 599 N.E.2d 786.
In the case sub judice, appellant claims that he is entitled to coverage under the policy between his parents and appellee because he "lives primarily with" his parents. When we construe the evidence most strongly in appellant's favor, we find that appellant did not live primarily with his parents in their house. Undisputed evidence reveals that appellant lived primarily in the house trailer on his parents' property and near his parent's house. Appellant's parents did not live in that trailer. Appellant's statements and appellant's parent's deposition testimony candidly establishes this fact.
Appellant cites Shear v. West American Ins. Co. (1984),11 Ohio St.3d 162, 464 N.E.2d 545, Snedegar v. MidwesternIndemnity Co. (1989), 64 Ohio St.3d 600, 582 N.E.2d 617, andSilves v. Kosovec (Aug. 9, 1996), Trumbull App. No. 95-T-5331, unreported, in support of his argument that because those cases "have refused to limit the term 'household' to people that spend all their time under one roof * * * [the phrase] 'lives primarily with you' is reasonably susceptible to a more liberal definition." We disagree with appellant's argument. Although some courts have defined the term "household" to include part-time residents, because the insurance policy between appellant's parents and appellee employs the term "primarily," the policy covers only relatives who reside "primarily" with the insureds. Appellant does not live primarily with his parents in their house; appellant lives primarily in the house trailer.
We note that in Shear, 11 Ohio St.3d at 166,464 N.E.2d at 548, the court employed the following dictionary definition of the word "household": "those who dwell under the same roof and compose a family." Many courts have repeated this "dwell under the same roof" definition. See Thompson v. Preferred Risk Mut.Ins. Co. (1987), 32 Ohio St.3d 340, 341, 513 N.E.2d 733, 735;The Midwestern Indemnity Co. v. Patrick (Jan. 16, 1997), Putnam App. No. 12-96-06, unreported; Carpenter v. United Ohio Ins.Co. (May 9, 1997), Crawford App. No. 3-96-16, unreported; Minorv. Allstate Ins. Co. (May 10, 1996), 111 Ohio App.3d 16, 20,675 N.E.2d 550, 553; Clifton v. Martin (Jan. 31, 1996), Hamilton App. No. C-950376, unreported.
Although the insurance policy in the case sub judice does not use the word "household," we believe that when deciding whether one person "primarily lives with" another person, it is fair to inquire whether the two people "dwell under the same roof." If the two people dwell under different roofs, the two people do not "primarily live" together. See, also, The MidwesternIndemnity Co. v. Patrick (Jan. 16, 1997), Putnam App. No. 12-96-06, unreported (daughter who left items she no longer desired in her mother's home, and who was not permitted to be in mother's home alone, did not live at that home); Petrie v.Nationwide Mut. Ins. Co. (Dec. 29, 1994), Franklin App. 94APE06-805, unreported ("an occasional overnight visit or even an occasional extended visit of one week is insufficient to constitute living in the household of an insured with respect to uninsured motorist coverage."); Clifton v. Martin (Jan. 31, 1996), Hamilton App. No. C-950376, unreported (court denied coverage to a son even though he "enjoyed substantial privileges at [his parents'] house, not infrequently spending the night there, and there received mail and stored some of his belongings.")
Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error.
JUDGMENT AFFIRMED.
[2] Appellant lived with his wife and her young child in the trailer for four or five months before they married on July 2, 1996. Appellant and his wife separated in October 1996.
[3] Appellant does not assert as error the fact that the trial court granted summary judgment to a party who did not file a motion for summary judgment. Appellant apparently agrees with the trial court's conclusion that its findings "are determinative of the dispute" between appellant and appellee. Under such circumstances, trial courts may grant summary judgment against the party who moved for summary judgment. SeeState ex rel. Cuyahoga County Hospital v. Ohio Bureau ofWorkers' Compensation (1986), 27 Ohio St.3d 25, 28,500 N.E.2d 1370, 1373; Houk v. Ross (1973), 34 Ohio St.2d 77,296 N.E.2d 266, paragraph one of the syllabus; Donovan v. State FarmAutomobile Ins. Co. (1995), 105 Ohio App.3d 282,663 N.E.2d 1022, fn. 1.