421 So.2d 6 (1982)
Edward ABBERTON and Irma L. Abberton, Individually and As Husband and Wife, Appellants,
v.
COLONIAL PENN INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 81-1931.
District Court of Appeal of Florida, Second District.
September 24, 1982.
Rehearing Denied November 3, 1982.
*7 Joseph P. McNulty of McNulty, Moritz, Pecarek & Dickey, Largo, and Guy N. Perenich of Muscarella, Perenich & Carroll, Clearwater, for appellants.
William A. Post of Post & Gable, Seminole, for appellee.
SCHOONOVER, Judge.
This is an appeal from a summary judgment holding that section 627.727(6), Florida Statutes (Supp. 1978), prohibits an injured underinsured motorist from maintaining an action against his underinsured motorist carrier if he fails to exhaust the available coverage of the tort-feasor and his insurer. We reverse.
Edward Abberton, plaintiff below, one of the appellants, was involved as a pedestrian in an accident with an automobile on or about August 2, 1978. Mr. and Mrs. Abberton filed suit against the driver of the automobile and his insurance carrier claiming damages in excess of the $50,000 limits provided by the tort-feasor's insurance carrier.
At or about the same time the above-mentioned suit was filed, the appellants informed the appellee, Colonial Penn Insurance Company, their uninsured motorist carrier, that they claimed underinsured motorist coverage equal to the liability limits of their insurance policy, i.e., $100,000/$300,000. They admitted the policy limited coverage to $15,000/$30,000 but took the position that there was no informed or knowing rejection of the coverage in the larger amount. The appellee denied that its policy provided coverage in excess of the $15,000/$30,000 limits and therefore denied any liability to the appellants.
Based upon the appellee's denial of coverage, the appellants filed the action which is the subject matter of this appeal. Their complaint requests a declaratory judgment holding that the appellee wrongfully failed to provide uninsured/underinsured motorist coverage in an amount equal to their liability limits because they failed to obtain the appellants' informed and knowing rejection of such coverage.
While the case sub judice was pending below, the appellants settled their suit against the tort-feasor and his liability carrier for $25,000, one-half of the liability limits of the tort-feasor's policy. Before dismissing the suit, the appellants moved the court for an order approving the settlement and served a copy of same on counsel for the appellee. The trial court entered an order approving the settlement more than thirty days after the appellants had furnished a copy of the motion to the appellee.
The appellee then filed a motion for summary judgment in the case sub judice. The trial court held that the provisions of section 627.727(6) prohibited the plaintiffs from maintaining the present action because they had failed to exhaust the available coverages of the tort-feasor and his insurer. A final summary judgment was entered in favor of the appellee, and the appellants filed a timely notice of appeal.
Section 627.727(6), provides as follows:
(6) If an injured person or, in the case of death, the personal representative agrees to settle a claim with a liability insurer and its insured for the limits of liability, and such settlement would not fully satisfy the claim for personal injuries or wrongful death so as to create an uninsured motorist claim against the uninsured motorist insurer, then such settlement agreement shall be submitted in writing to the uninsured motorist insurer, which shall have a period of 30 days from *8 receipt thereof in which to agree to arbitrate the uninsured motorist claim and approve the settlement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release. If the uninsured motorist insurer does not agree within 30 days to arbitrate the uninsured motorist claim and approve the proposed settlement agreement, waive its subrogation rights against the liability insurer and its insured, and authorize the execution of a full release, the injured person or, in the case of death, the personal representative may file suit joining the liability insurer's insured and the uninsured motorist insurer to resolve their respective liability for any damages to be awarded; however, in such action, the liability insurer's coverage shall first be exhausted before any award may be entered against the uninsured motorist insurer, and any such award against the uninsured motorist insurer shall be excess and subject to the provisions of s. 627.727(1). Any award in such action against the liability insurer's insured shall be binding and conclusive as to the injured person and uninsured motorist insurer's liability for damages up to its coverage limits. The provisions of s. 627.428 shall not apply to any action brought pursuant to this section against the uninsured motorist insurer.
Prior to enactment of the above-mentioned subsection, the First District Court of Appeal in the case of United States Fidelity & Guaranty Co. v. Gordon, 359 So.2d 480 (Fla. 1st DCA 1978), held at page 481:
There is nothing in Section 627.727 that indicates that the insured must exhaust all benefits available from other sources before being eligible to recover under his uninsured vehicle coverage. The Section merely states that uninsured vehicle coverage shall be excess over and not duplicate other available benefits.
The subsequent enactment of subsection (6) of the statute does not change this principle, and we accordingly hold that an injured person is not required to settle his claim for damages for the entire limits of a tort-feasor's liability coverage as a condition precedent to seeking recovery against his own U/M insurer for damages in excess of said coverage.
A review of the subsection indicates that it provides and recognizes the insurer's subrogation rights against the liability insurer. These subrogation rights could not exist if the settlement was for the full limits of liability coverage.
Section 627.727(6) recognizes an insurer's right to arbitration and preserves his subrogation rights. It also preserves to the insured his right to sue the insurer for damages in excess of the tort-feasor's liability coverage in the event that the insurer does not agree to the settlement and/or arbitration. The subsection further allows the insured to join the uninsured motorist carrier in the main action against the tort-feasor thereby allowing all matters to be litigated in one action.
The enactment of this section had no effect on section 627.727(1) which still provides that the coverage is over and above but shall not duplicate the benefits available to an insured.
The fact that an insured person settles his claim for an amount less than the full amount of liability insurance carried by the tort-feasor is not determinative of the amount of damages actually sustained by him. Settlements are often made for reasons which have little to do with the amount of damages sustained by the injured party. United States Fidelity & Guaranty v. Gordon.
We accordingly hold that the enactment of subsection (6) did not change or affect appellants' right to settle for less than the limits available to them from the tort-feasor's liability insurance.
When the appellee denied coverage and then failed to respond to the appellants' request for court approval of their settlement with the tort-feasor and his insurer, the appellants were at liberty to take whatever action they felt was necessary to protect their interests. Infante v. Preferred *9 Risk Mutual Ins. Co., 364 So.2d 874 (Fla. 3d DCA 1978).
If the insurance policy in question contains a condition requiring approval of the appellee before settling with the tort-feasor, and the coverage question is determined in appellants' favor, it will still be necessary for the appellants to prove there was no prejudice to the appellee by said settlement before they can prevail. Tucker v. Seward, 400 So.2d 505 (Fla. 5th DCA 1981).
We reverse and remand for proceedings consistent herewith.
OTT, C.J., and SCHEB, J., concur.