BIONDIC ET AL., APPELLANTS, *v.*
NATIONWIDE MUTUAL INSURANCE
COMPANY, APPELLEE. ▮

(No. 53431—Decided
July 5, 1988.)

*Jeffries & Monteleone Co., L.P.A.,*
and *David A. Forrest,* for appellants.
*Rhoa, Follen, Rawlin & Johnson
Co., L.P.A.,* and *James A. Sennett,* for
appellee.

NAHRA, C.J. This is an appeal from
the court of common pleas' decision
granting summary judgment in favor
of the defendant. The plaintiffs filed a
declaratory judgment action against
their insurance company, Nationwide
Mutual Insurance Company ("Nation-
wide"), seeking a declaration of their
rights pursuant to the underinsured
motorist provision of their policy. The
following stipulated facts give rise to
this appeal.

The plaintiffs' claim involved
damages arising out of the death of
their daughter, Laura Ann Biondic, on
September 11, 1982. She was killed
while a passenger in an automobile
operated by a driver who lost control
of the car. Both the owner and driver
of the car were New York residents.
The operator of the car was insured by
Allstate Insurance Company ("All-
state"), which provided a maximum of
$50,000 for a wrongful death claim.
Nationwide provided $100,000 in
underinsured motorist coverage to the
plaintiffs.

The plaintiffs settled their claim
for the wrongful death of Laura Ann
Biondic with Allstate for $27,000. As a
part of the settlement, the plaintiffs
released the tortfeasor from any fur-
ther claims. The wrongful death claim
was settled with Allstate under the
New York wrongful death statute.

The plaintiffs additionally pre-
sented a claim to Nationwide for com-
pensation under their underinsurance
coverage. Defendant Nationwide ad-
vised the plaintiffs that it did not feel
the claim qualified as an underinsured
claim. The plaintiffs brought this
declaratory judgment action to deter-
mine their rights under their insurance
contract. The trial court, without an
opinion, granted summary judgment in
favor of the defendant insurance com-
pany. The plaintiffs have timely ap-
pealed, raising the following assign-
ments of error:

"I. The lower court erred in find-
ing as a matter of law that appellants
were not entitled to the benefit of ap-
pellee's uninsured motorist coverage
(underinsured motorist coverage) be-
cause they failed to exhaust the
available liability insurance limits of
the tortfeasor.

"II. The lower court erred in

finding as a matter of law that appellee's uninsured (underinsured) motorist coverage did not apply because appellants settled with and released the tortfeasor without appellee's written consent.

"III. The lower court erred in finding that appellants failed to timely commence legal action or demand arbitration against appellee."

We will address these assigned errors together.

Because no opinion was written by the trial court, the appellants made certain assumptions in determining their assignments of error. The record is silent as to the reasoning for the court's granting of the appellee's motion for summary judgment and. we will not engage in speculation as to why the trial court made its determination. We do find a basis to uphold the trial court's decision, which concerns the issues raised in the first assignment of error. Because of our determination of the first assignment of error, we do not reach the assumptions presented by the remaining assignments of error.

The appellants contend that the trial court erroneously granted summary judgment in favor of the appellee as the appellants had exhausted the limits of the tortfeasor's policy and were entitled to assert an underinsured motorist claim.

Appellee Nationwide filed its motion for summary judgment asserting that there was no issue of material fact and that it was entitled to judgment as a matter of law as the appellants failed to exhaust the available insurance limits of the tortfeasor, a prerequisite to an underinsured claim under the Nationwide policy. As stipulated, the tortfeasor had available $50,000 in liability insurance and the appellants' claim against the tortfeasor was settled for $27,000. The appellants filed a brief in opposition to the motion, asserting

that under the New York wrongful death law they had exhausted the limits of the wrongdoer's policy and that since under the Ohio wrongful death statute additional damages were allowed, they should receive underinsurance coverage for the damages not compensable by the New York law. It is apparent that the New York wrongful death statute is more restrictive in allowable damages than the Ohio law.

The Nationwide policy of insurance issued to the appellants included these provisions:

"[Nationwide] will pay bodily injury damages that you or your legal representative are legally entitled to recover from the owner or driver of an uninsured motor vehicle." (Nationwide's Century 11 Auto Policy, uninsured motorists coverage, at 9.)

"An uninsured motor vehicle includes an underinsured motor vehicle."

"No payment will be made until the limits of all other liability insurance and bonds that apply have been exhausted by payments." (Endorsement 1604, Supplementary Uninsured Motorist Coverage.)

The central issue here concerns the meaning of the word "exhausted." The appellee argues that the term should be literally interpreted and that since the appellants settled for $27,000, while there was $50,000 available under the tortfeasor's policy, the appellants did not exhaust the limits of other liability insurance. The appellants argue for a more liberal interpretation of "exhausted," contending that they need only exhaust what was available to them under New York law, regardless of the amount of liability insurance held by the tortfeasor.

The Ohio Supreme Court has just recently discussed the meaning of the term "exhaust" as it relates to underinsurance motorist coverage. In

*Bogan* v. *Progressive Cas. Ins. Co.* (1988), 36 Ohio St. 3d 22, 521 N.E. 2d 447, the court conceded that the plain meaning of the exhaustion requirement is that an insured is not entitled to an underinsurance payment until he has recovered the full amount of the tortfeasor's available policy limits, but the court failed to strictly apply that requirement. In that case, the plaintiffs settled with the tortfeasor for $21,000, while the tortfeasor had coverage of $25,000. In their claim against their insurance company plaintiffs had argued that they were underinsured as their claim had a minimum value of $30,000. The court held that "an injured insured satisfies the 'exhaustion' requirement in the underinsured motorist provision of his liability insurance policy when he receives from the underinsured tortfeasor's insurance carrier a commitment to pay an amount in settlement, the injured party retaining the right to proceed against his underinsured motorist insurance carrier only for those amounts in excess of the tortfeasor's policy limits." *Id.* at 28, 521 N.E. 2d at 453.

Although the court held that there could be recovery from a party's insurance company for underinsurance coverage without literally exhausting the tortfeasor's policy limits, we do not find that determination applicable to the facts in the instant case. Here the insured settled with the tortfeasor for $27,000 when $50,000 was available under the tortfeasor's policy. Obviously under New York law, then, the tortfeasor was adequately insured. What the claim might be worth in Ohio is not relevant as the appellants negotiated and settled their wrongful death claim under New York law, which under choice-of-law principles was the appropriate controlling substantive law. See *Morgan* v. *Biro Mfg. Co.* (1984), 15 Ohio St. 3d 339, 15 OBR 463, 474 N.E.

2d 286. The appellants cannot split their wrongful death action, applying New York law to the claim against the tortfeasor and applying Ohio law to the underinsured claim against appellee-Nationwide. Appellants concede that the tortfeasor's policy limits exceeded the value of the claim in New York, whereas in *Bogan* plaintiffs argued that their claim was worth an amount in excess of the tortfeasor's policy.

The appellants rely on *Tracy* v. *State Farm Ins. Co.* (Sept. 20, 1984), Cuyahoga App. No. 46333, unreported, to support their argument. That case is distinguishable, however, as there the court determined that as a matter of law the Ohio plaintiff could recover nothing from the New York tortfeasor. Here the appellants did have a wrongful death action against the New York tortfeasor, which they settled for less than the policy limits. Appellants additionally rely on *Repasy* v. *Nationwide Ins. Co.* (1980), 67 Ohio App. 2d 118, 21 O.O. 3d 426, 425 N.E. 2d 959. That case, however, concerned a different issue, that of uninsured motorist coverage and an "other insurance" clause.

Our decision that appellants may not recover from their insurance company is consistent with the goal of underinsurance coverage to place the insured in the same position he would have been in if the tortfeasor had been adequately insured. Under the appropriate choice-of-law jurisdiction, the tortfeasor was adequately insured, as seen in the settlement for substantially less than the policy limits. Considering this, we find no policy reasons to justify a triggering of the appellants' underinsurance coverage.

The appellants' assignments of error are overruled.

*Judgment affirmed.*

DYKE, J., concurs.

PATTON, J., concurs in judgment only.

PATTON, J., concurring. I agree that summary judgment was properly rendered in favor of the defendant-appellee Nationwide Mutual Insurance Company, but I disagree with the reasons set forth in the majority opinion. In my view, this case is indistinguishable from *Bogan* v. *Progressive Cas. Ins. Co.* (1988), 36 Ohio St. 3d 22, 521 N.E. 2d 447. In *Bogan,* the court held that the Bogans' settlement with the tortfeasor's insurer for an amount less than the tortfeasor's policy limits satisfied the "exhaustion" requirement of Progressive Casualty Insurance Company's underinsured motorist insurance policy. But the Bogans' settlement with the tortfeasor was in exchange for a full release of the tortfeasor from all claims arising out of the collision. Since this release defeated Progressive's right of subrogation, the *Bogan* court held that it was reasonable for Progressive to withhold its consent to the proposed settlement and that Progressive was accordingly discharged from its obligation to provide underinsured motorist coverage when the Bogans settled their claims without protecting Progressive's subrogation rights.

In the instant case, the Biondics similarly satisfied the "exhaustion" requirement in their underinsured motorist policy. But Nationwide is not discharged from its obligation to provide underinsured motorist coverage on the theory that the Biondics' settlement for an amount less than the tortfeasor's policy limits demonstrates that the tortfeasor was adequately insured. Nationwide is discharged from its obligation because the Biondics' full release of any and all claims against the tortfeasor in exchange for the settlement defeated Nationwide's right of subrogation against the tortfeasor.

Thus, summary judgment was properly entered in favor of Nationwide.

Moreover, summary judgment was properly entered in favor of Nationwide because the plaintiffs failed to commence this action in a timely manner. The parties to a contract of underinsured motorist coverage may agree to reasonable limitations of time in which to bring an action on the policy. See *Duriak* v. *Globe American Cas. Co.* (1986), 28 Ohio St. 3d 70, 28 OBR 168, 502 N.E. 2d 620; *Colvin* v. *Globe American Cas. Co.* (1982), 69 Ohio St. 2d 293, 23 O.O. 3d 281, 432 N.E. 2d 167. Nationwide's insurance policy states:

"Under the uninsured motorists coverage, any arbitration or legal action against the company must begin within the time limit allowed for bodily injury or death actions in the state where the accident occurred."

Laura Biondic's fatal injury occurred in New York State on or about September 10, 1982. Under New York law, an action for wrongful death "must be commenced within two years after the decedent's death." N.Y. Laws, EPTL Section 5-4.1. This action was not commenced until October 17, 1984, over two years after Ms. Biondic's death.

Under these facts, plaintiffs failed to commence this action within the period of time allowed under the policy's limitation clause. Moreover, this policy's limitation clause is not so ambiguous as to be unintelligible to the ordinary lay person. Contrast *Grange Mut. Cas. Co.* v. *Fodor* (1984), 21 Ohio App. 3d 258, 21 OBR 302, 487 N.E. 2d 571 (eighty-word limitation clause that was unintelligible to ordinary lay person held unenforceable). Accordingly, the plaintiffs' claim in this case was barred by the policy's limitation clause, and Nationwide was entitled to summary judgment.