(840 P.2d 1203)

No. 67,534

KIMBERLY BROWN, *Appellee,* v. USAA CASUALTY INSURANCE COMPANY, *Appellant.*

Opinion filed October 30, 1992.

*Arthur S. Chalmers,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for appellant.

*Gerald W. Scott,* of Gerald W. Scott, P.A., of Wichita, for appellee.

Before LEWIS, P.J., BRAZIL and ELLIOTT, JJ.

BRAZIL, J.: This is an interlocutory appeal brought by USAA Casualty Insurance Co. (USAA) from the court's order denying its motion for summary judgment and refusing to enforce an "exhaustion clause" in USAA's policy. We affirm and remand for further proceedings.

Kimberly Brown originally brought this action against Timothy S. Bernard, alleging that Bernard's negligence caused her injuries in an automobile accident. Bernard was successful in obtaining a dismissal of the claims against him because they were not filed within the two-year statute of limitations specified in K.S.A. 1991 Supp. 60-513. Brown then amended her petition to assert a cause

of action against USAA to collect underinsured motorist (UIM) coverage under her policy with the company.

The "exhaustion clause" in the insurance policy provides:

"We will pay damages under this coverage caused by an accident with an 'underinsured motor vehicle' only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements unless we:
1. Have been given written notice by certified mail of a tentative settlement between a 'covered person' and the insuring company of the owner or operator of the 'underinsured motor vehicle'; and
2. Decide to advance payment to the 'covered person' an amount equal to the tentative settlement."

At the time of the accident, Bernard was covered by a liability insurance policy issued by Tulsa General Insurance Company with a policy limit of $25,000 per person. Brown's policy with USAA had a limit of $300,000 per person.

K.S.A. 1991 Supp. 40-284(b) provides:

"Any uninsured motorist coverage shall include an underinsured motorist provision which enables the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another motor vehicle with coverage limits equal to the limits of liability provided by such uninsured motorist coverage to the extent such coverage exceeds the limits of the bodily injury coverage carried by the owner or operator of the other motor vehicle."

The statute contemplates that the insured will seek recovery against the underinsured motorist before filing a claim with his or her UIM carrier, but this is not required by the statutory language. K.S.A. 1991 Supp. 40-284(b) only requires the insured to be "legally entitled" to damages from the underinsured motorist.

In *Winner v. Ratzlaff*, 211 Kan. 59, 62-64, 505 P.2d 606 (1973), the Kansas Supreme Court concluded that the similar language "legally entitled to recover" in 40-284(a) does not require an insured to obtain a judgment from the uninsured motorist before he or she is entitled to uninsured motorist (UM) benefits. The court reasoned that the insured must only establish fault on the part of the uninsured motorist and the extent of damages. 211 Kan. at 64. The court also noted that the insured has three procedural options:

"He may file an action directly against his uninsured motorist liability carrier without joining the uninsured motorist as a party defendant; he may file an action joining both the insurer and the uninsured motorist as party defendants; or, he may file an action against the uninsured motorist alone without joining the insurer as a party defendant. In each of these options he may litigate all of the issues of liability and damages." 211 Kan. at 65.

The Kansas Supreme Court also applied this reasoning in *Van Hoozer v. Farmers Insurance Exchange*, 219 Kan. 595, 610-11, 549 P.2d 1354 (1976), and concluded that a claim could be brought against the UM carrier under the five-year statute of limitations for suits on a written contract even though the two-year statute of limitations for pursuing a wrongful death action against the tortfeasor had expired.

The Kansas Supreme Court applied the three procedural options for UM claims from *Winner v. Ratzlaff* to UIM claims in *Haas v. Freeman*, 236 Kan. 677, 693 P.2d 1199 (1985), and concluded that the insured could not force the insurer into his or her suit against the underinsured motorist, but the insurer could intervene if it chose to.

Nothing in the statute or the case law requires the insured to exhaust his or her remedies against the tortfeasor before bringing a claim for UIM benefits against the insurer. K.S.A. 1991 Supp. 40-284(e) provides a list of permissible exclusions or limitations to UM or UIM coverage. Because the "exhaustion clause" is not included in this list, it is unenforceable. *Stewart v. Capps*, 247 Kan. 549, 555-56, 802 P.2d 1226 (1990).

The Kansas Supreme Court first stated that policy provisions which attempt to condition, limit, or dilute the unqualified UM coverage mandated by the statute are void and unenforceable in *Clayton v. Alliance Mutual Casualty Co.*, 212 Kan. 640, Syl. ¶ 1, 512 P.2d 507 (1973). The list of permissible exclusions in K.S.A. 1991 Supp. 40-284(e) was not enacted until 1981 in response to a number of cases which had refused to enforce policy provisions excluding or limiting coverage. See *Hillhouse v. Farmers Ins. Co.*, 226 Kan. 68, 69, 595 P.2d 1102 (1979) (voiding a policy exclusion currently allowed in K.S.A. 1991 Supp. 40-284[e][2]); *Simpson v. Farmers Ins. Co.*, 225 Kan. 508, 592 P.2d 445 (1979) (refusing to enforce a policy provision currently allowed by K.S.A. 1991 Supp. 40-284[e][3]); *Van Hoozer v. Farmers Insurance Ex-*

*change*, 219 Kan. at 608 (refusing to enforce a policy provision currently allowed by K.S.A. 1991 Supp. 40-284[e][4]); and *Forrester v. State Farm Mutual Automobile Ins. Co.*, 213 Kan. 442, 517 P.2d 173 (1973) (concluding that a policy provision currently allowed by K.S.A. 1991 Supp. 40-284[e][1] was void and unenforceable).

An analysis of these cases reveals that the list provided in K.S.A. 1991 Supp. 40-284(e) was enacted by the legislature to respond to the general rule that exclusions and limitations are void as a matter of public policy and are unenforceable. Therefore, the list permitted by the legislature is merely an exception to the general rule of unenforceability.

We realize that the current situation leaves the UIM insurer in a rather precarious situation. If the insured fails to commence an action against the underinsured motorist within the two-year statute of limitations, K.S.A. 1991 Supp. 60-513, the insurer's subrogation rights will be destroyed. Nevertheless, under *Van Hoozer* the insured may bring a claim against the insurer within the five-year statute of limitations for a suit on a written contract. K.S.A. 60-511. The policy provisions in the present case are an attempt by USAA to protect itself from this liability contrary to current Kansas law.

Affirmed and remanded for further proceedings.