7 P.3d 973

**COUNTRY MUTUAL INSURANCE COMPANY, Plaintiff–Appellee, Cross Appellant,**

v.

**Robyn FONK, Defendant–Appellant, Cross Appellee.**

No. 1CA–CV99–250.

Court of Appeals of Arizona, Division 1, Department B.

Aug. 24, 2000.

Burke, Panzarella, Rich by Thomas P. Burke, II, Phoenix, for Plaintiff–Appellee, Cross–Appellant.

Cluff & Associates by Michael L. York, Mesa, for Defendant–Appellant, Cross–Appellee.

## OPINION

THOMPSON, Presiding Judge

¶ 1 In this appeal, we consider whether a party injured in an accident with an underinsured motorist is barred from collecting from her underinsured motorist insurance policy when the policy contains an exhaustion clause and she settles her claim with the tortfeasor for an amount that is less than his liability policy limits. We hold that the exhaustion clause is satisfied, and appellant's claim is not barred, in such circumstances because the insured may recover underinsured motorist benefits if the total damages sustained exceed the limits of the tortfeasor's liability policy, even though the insured settled with the tortfeasor for less than the liability limits. We have jurisdiction pursuant to Ariz.Rev.Stat. Ann. (A.R.S.) §§ 12–120.21(A)(1) and 12–2101(B). For the following reasons, we reverse and remand on appeal and affirm on cross-appeal.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Appellant Robyn Fonk was injured in an accident in which her automobile was struck from behind by a vehicle driven by Ray Dunlap. Dunlap was insured by Farmers Insurance Company under an automobile policy with a liability coverage limit of $25,000 per person. After filing a lawsuit against Dunlap, Fonk settled her claim against him for $20,000, to be paid from the Farmers policy.

¶ 3 Fonk carried underinsured motorist (UIM) coverage in a policy issued by appellee Country Mutual Insurance Company (Country Mutual). After settling her claim against Dunlap, Fonk attempted to negotiate a settlement with Country Mutual under her UIM coverage. She understood that for UIM coverage purposes, her recovery from Dunlap would be deemed to be his $25,000 liability limit, and she believed her damages exceeded $25,000. When she and Country Mutual could not reach a settlement agreement, she requested arbitration within the terms of her policy.

¶ 4 Country Mutual obtained a stay of arbitration and filed a declaratory judgment action seeking an order that it was not obligated to provide UIM benefits to Fonk because she had not exhausted the liability limits of Dunlap's policy. The complaint referred to a clause in its policy that provides that it would pay under UIM coverage "only after all liability bonds or policies have been exhausted by judgments or payments."

¶ 5 Fonk moved for summary judgment, arguing that the exhaustion provision was void because it is contrary to the applicable statute, A.R.S. § 20–259.01. She noted that a number of courts in other jurisdictions had ruled that exhaustion provisions were unenforceable because they violated public policy. Country Mutual filed a cross-motion for summary judgment in which it argued that the contract provision is unambiguous and should be enforced. It also asserted that no Arizona case invalidated or prohibited exhaustion clauses in insurance contracts and that they have been upheld in other states.

¶ 6 The trial court granted Country Mutual's cross-motion for summary judgment and denied Fonk's motion, reasoning that the exhaustion provision was not ambiguous and did not violate public policy. Country Mutual requested attorneys' fees under A.R.S. § 12–341.01 because the matter arose out of contract. The court denied the application, finding that an award of fees against Fonk would be an undue hardship. Fonk timely

appealed from the judgment in favor of Country Mutual. Country Mutual filed a cross-appeal from the denial of its application for attorneys' fees.

### DISCUSSION

¶ 7 At issue is whether the exhaustion clause as interpreted by Country Mutual is enforceable and bars Fonk from receiving UIM benefits under her policy. Fonk argues that the question presented in this case involves the interpretation and application of A.R.S. § 20–259.01, which is a part of every automobile liability policy in Arizona. *See Evenchik v. State Farm Ins. Co.*, 139 Ariz. 453, 458, 679 P.2d 99, 104 (App.1984) (citations omitted).

¶ 8 Under A.R.S. § 20–259.01(B), every insurer writing automobile or motor vehicle liability policies in Arizona shall "make available to the named insured thereunder and shall by written notice offer the insured and at the request of the insured shall include within the policy underinsured motorist coverage...." Section 20–259.01(G) describes this type of coverage:

"Underinsured motorist coverage" includes coverage for a person if the sum of the limits of liability under all bodily injury or death liability bonds and liability insurance policies applicable at the time of the accident is less than the total damages for bodily injury or death resulting from the accident. To the extent that the total damages exceed the total applicable liability limits, the underinsured motorist coverage provided in subsection B of this section is applicable to the difference.

The legislature intended UIM coverage to "provide the insured with a source of recovery for injuries that could not be adequately compensated by the tortfeasor's liability insurance." *Brown v. State Farm Mut. Auto. Ins. Co.*, 163 Ariz. 323, 327, 788 P.2d 56, 60 (1989) (citing *State Farm Mut. Auto. Ins. Co. v. Wilson*, 162 Ariz. 251, 255, 782 P.2d 727, 731 (1989)). The statute requires insurers to offer UIM coverage. With this statutory mandate in mind, we must determine whether the exhaustion clause at issue is enforceable under the circumstances presented here. *See id.*

¶ 9 Country Mutual argues that *Farmers Insurance Co. of Arizona v. Woodruff*, 127 Ariz. 196, 619 P.2d 24 (App.1980), applies to the exhaustion issue. In *Woodruff*, one of the drivers involved in the accident that injured the plaintiffs was uninsured and the other, who was driving the truck in which the plaintiffs were passengers, was covered by a liability and uninsured motorist policy issued by Western Insurance Companies. *Id.* at 197, 619 P.2d at 25. The plaintiffs settled their liability claims with Western and agreed not to pursue an uninsured motorist claim against Western. *See id.* They instead filed a claim under the uninsured motorist provisions of their own policy with Farmers Insurance Company of Arizona. *See id.* Farmers took the position that under the "other insurance" clause in its policy, the plaintiffs could not collect uninsured motorist benefits from the policy unless the primary insurance on the truck had been exhausted. *See id.*

¶ 10 *Woodruff* held that the plaintiffs' failure to make a claim under the uninsured motorist coverage of the policy on the truck barred their claim against their own insurer. *Id.* at 198, 619 P.2d at 26. It explained that "a passenger can settle a claim of liability against the driver under the driver's policy without at the same time reducing or exhausting his claim against the driver's insurance company for the negligence of the uninsured motorist." *Id.* In such a case, the injured passenger could not assert a claim for uninsured motorist coverage under his own policy because it was "excess" coverage. *See id.* We noted that " '[t]o hold otherwise would allow companies primarily liable to transfer liability by making token settlements. Such a holding would not give effect to the clear, unambiguous language of excess insurance clauses.' " *Id.* (quoting *Smith v. Government Employees Ins. Co.*, 558 P.2d 1160, 1162 (Okla.1976)).

¶ 11 In *Woodruff*, we also rejected the assertion that the "other insurance" clause violates public policy. *Id.* The opinion noted that the plaintiffs had contracted away their right to uninsured motorist recovery from the driver and that established law concern-

ing primary and secondary coverage clearly showed that a settlement with another insurer could not alter the coverage and make secondary insurance primary, despite the law's favor of settlements. *See id.* at 198–99, 619 P.2d at 26–27.

¶ 12 We conclude that *Woodruff* does not answer the question before us for several reasons. First, *Woodruff* deals with an "other insurance" clause as it relates to uninsured motorist coverage for passengers in a car driven by an insured person while in this case the issue concerns an "exhaustion" clause in an injured driver's own UIM policy. As we will discuss, the exhaustion clause implicates considerations not present in the "other insurance" clause.

¶ 13 Second, the issue in *Woodruff* concerned a settlement that would have made the secondary uninsured motorist coverage the primary coverage. There is no such issue before us here. Instead, Fonk's UIM coverage under her Country Mutual policy is the primary UIM coverage. If she had been a passenger in the car and the driver had UIM coverage that covered her, that insurance would have been primary and hers would have been secondary, and her failure to exhaust the primary coverage would fall within the *Woodruff* holding. However, because Fonk was the driver, and her UIM coverage applies, there is no primary-secondary coverage issue as decided by *Woodruff* . In other words, the two available uninsured motorist policies in *Woodruff* provided duplicate coverage. The UIM coverage here, however, does not duplicate any other coverage available from the tortfeasor but instead supplements it if the amount of the tortfeasor's policy is insufficient to cover all of the injured party's damages.

¶ 14 In addition, there was no suggestion in *Woodruff* that the full amount of the limit of the primary policy would be credited against the plaintiffs' damages before they made a claim for the excess under the secondary uninsured motorist policy, nor is there any indication in *Woodruff* that the plaintiffs' damages exceeded the policy limits available from the driver. Therefore, in considering the issues in *Woodruff*, we did not examine the arguments made by Fonk con-

cerning the payment of UIM benefits where the total amount of the liability limit is deemed to be paid for purposes of a claim against the UIM coverage, despite the fact that settlement under the liability policy was for less than the policy limit. For these reasons, the *Woodruff* holding does not resolve the issue in this appeal.

■ ¶ 15 The explanation of UIM coverage in A.R.S. § 20–259.01(G) does not provide for exhaustion of a tortfeasor's liability coverage before UIM benefits come into play. Rather, it speaks of the "limits of liability" under "liability bonds and liability insurance policies applicable at the time of the accident. . . ." It provides that UIM coverage is applicable "[t]o the extent that the total damages exceed the *total applicable liability limits . . . .*" (Emphasis added.) As stated in the statute, entitlement to UIM benefits is based on damages that exceed the applicable liability limits rather than being based on payment or exhaustion of those limits; the statutory language does not require exhaustion of the applicable liability limits as a precondition to payment of UIM benefits. Thus, only language in Country Mutual's policy, not language in the statute, requires exhaustion of the tortfeasor's liability policy before damages that exceed the liability policy limits will be paid under the UIM coverage.

■ ¶ 16 Insurers may not employ policy language to take away statutorily mandated insurance coverage. *See Mississippi Farm Bureau Mut. Ins. Co. v. Garrett,* 487 So.2d 1320, 1323 (Miss.1986) (citations omitted). If the legislature has mandated a certain kind of coverage, an insurer may not avoid that obligation by a policy clause that has not been authorized by the legislature. *See Hamilton v. Farmers Ins. Co. of Wash.,* 107 Wash.2d 721, 733 P.2d 213, 216 (1987) (quoting *Britton v. Safeco Ins. Co. of America,* 104 Wash.2d 518, 707 P.2d 125 (1985)).

¶ 17 Among the number of state courts that have considered the exhaustion requirement in UIM policies is the Supreme Court of Ohio in *Bogan v. Progressive Casualty Insurance Co.,* 36 Ohio St.3d 22, 521 N.E.2d 447 (1988), *modified in part on other*

*grounds, McDonald v. Republic–Franklin Ins. Co.*, 45 Ohio St.3d 27, 543 N.E.2d 456 (1989). The court in *Bogan* concluded that the exhaustion requirement is satisfied when an injured insured settles his claim against the liability policy of the underinsured tortfeasor and proceeds against his UIM insurance carrier only for the amount of his damages in excess of the tortfeasor's policy limits. *See id.* at 453. It noted that "the objective of the exhaustion clause in the underinsured motorist insurance policy is quite clearly to absolve the insurer from liability for those uncollected amounts which were below the stated limits of the underinsured tortfeasor's policy." *Id.* The *Bogan* court's rationale was that "[t]he exhaustion clause must be construed as it was intended, *i.e.*, a threshold requirement and not a barrier to underinsured motorist insurance coverage." *Id.*[1]

¶ 18 In *New Hampshire Insurance Co. v. Knight*, 506 So.2d 75, 77 (Fla.Dist.Ct.App. 1987) (citing *Abberton v. Colonial Penn Ins. Co.*, 421 So.2d 6 (Fla.Dist.Ct.App.1982)), the court reached the same result but came to its conclusion on the ground of invalidity. It held that because the Florida UIM insurance statute provided that such coverage is over and above liability benefits *available* to the insured, the policy clause that provided that the UIM benefits would be payable only after any applicable bodily injury liability policy had been exhausted was invalid and unenforceable. *See id.*

¶ 19 Similarly, in *Brown v. USAA Casualty Insurance Co.*, 17 Kan.App.2d 547, 840 P.2d 1203, 1204 (1992), the court considered the applicability of an exhaustion clause in light of the Kansas UIM insurance statute that provided for UIM coverage when the insured was "legally entitled" to damages from the underinsured motorist and to the extent the UIM coverage exceeded the limits of the bodily injury coverage carried by the tortfeasor. The court held that because nothing in the statute required the insured to exhaust his remedies against the tortfeasor before bringing a claim for UIM benefits, the exhaustion clause was unenforceable. *See id.* at 1205; *see also Buzzard v. Farmers Ins. Co., Inc.*, 824 P.2d 1105, 1108, 1112 (Okla. 1991) (where UIM policy did not contain exhaustion clause but insurer relied on industry policy that liability policy of tortfeasor must first be exhausted, court held that if insured's damages exceed amount available under liability policy, UIM insurer must promptly determine what payment is due and may not delay payment of benefits until exhaustion of liability limits).

¶ 20 Rather than finding Country Mutual's exhaustion requirement unenforceable, we take the approach used in *Bogan* and conclude that an injured insured exhausts the tortfeasor's liability coverage for purposes of a claim under the insured's own UIM coverage when she seeks UIM payment only for her damages that exceed the full amount of the tortfeasor's policy limits. In other words, the insured may recover UIM benefits when the total damages sustained exceed the limits of the tortfeasor's liability policy even when the insured has settled with the tortfeasor for less than the liability limits. This application of the exhaustion clause protects the insurer from having to cover the

---

1. Country Mutual argues that *Bogan* has been discredited by three decisions of Ohio intermediate appellate courts. We disagree. *Bogan* was decided by the Ohio Supreme Court. The intermediate appellate courts could not overrule that decision, and did not purport to do so. In *Motorists Mutual Insurance Companies v. Grischkan*, 86 Ohio App.3d 148, 620 N.E.2d 190, 194 (1993), the court held that a settlement of $75,000 when the tortfeasor's policy limit was $100,000 did not exhaust the policy limits because a settlement amount of $25,000 less than was available constitutes neither a savings in litigation costs nor a receipt of the entire policy for practical purposes. In *Stahl v. State Farm Mutual Automobile Insurance Co.*, 82 Ohio App.3d 599, 612 N.E.2d 1260, 1262 (1992), the court stated that a settlement of $1 where the tortfeasor had a $50,000 policy was so disproportionate to the policy limit that it constituted abandonment of the claim. In *Biondic v. Nationwide Mutual Insurance Co.*, 51 Ohio App.3d 179, 555 N.E.2d 976, 977–78 (1988), the plaintiff brought an action under New York law, which limited damages for wrongful death, and settled that claim for $27,000 from a $50,000 policy. When the plaintiff attempted to recover UIM benefits under Ohio law, the Ohio Court of Appeals, distinguishing *Bogan*, ruled that because the tortfeasor was adequately insured under New York law, there were no excess damages for UIM coverage. *See id.* at 978–79. The Ohio Supreme Court did not review any of these cases.

"gap" when a settlement amount is less than the tortfeasor's liability limits while still being true to the goals of the UIM insurance provisions of A.R.S. § 20–259.01 and to the expectations of citizens who purchase UIM coverage to provide protection when the amount of a tortfeasor's policy fails to cover all their bodily injury damages. *See Schmidt v. Clothier,* 338 N.W.2d 256, 261 (Minn.1983) (insured cannot obtain below-limit settlement from tortfeasor and then recoup the "gap" from UIM carrier because insured would have no incentive to obtain best settlement if gap can be recovered from UIM insurer and UIM insurer would be placed at unfair disadvantage); *Longworth v. Van Houten,* 223 N.J.Super. 174, 538 A.2d 414, 423 (1988) (citing *Schmidt* ). Allowing an insurer to bar paid-for UIM coverage because of an exhaustion technicality where the insurer can only be liable for damages that exceed the tortfeasor's policy limits would defeat the intent and purposes of Arizona's UIM statute.[2]

¶ 21 Country Mutual argues that allowing an insured who settles her claim against the tortfeasor for less than policy limits to recover under UIM coverage puts an unfair burden on the UIM carrier by shifting the expense for litigating the insured's total damages from the liability carrier to the UIM carrier. Furthermore, Country Mutual maintains that this burden should be on the liability carrier because UIM insurance is a low-cost method of providing extended protection such that the premiums do not reflect the risks assumed by the primary carrier.

¶ 22 We are not swayed by Country Mutual's argument. The UIM carrier also may be able to settle the claim without litigation and often, under the policy, the amount of damages is determined by arbitration. Notably, even if the insured settles for the tortfeasor's liability limits, if the value of the insured's damages is in dispute, the UIM carrier would still have to determine the amount by litigation or arbitration.

¶ 23 In summary, we hold that even though Fonk settled her claim against Dunlap for an amount less than his liability insurance policy limits, she is deemed to have exhausted the liability policy limits and may recover UIM benefits if her bodily injury damages from the accident exceed those limits. Accordingly, we reverse the judgment in favor of Country Mutual and remand for entry of judgment in favor of Fonk on the declaratory judgment question.

¶ 24 In its cross-appeal, Country Mutual argues that the trial court abused its discretion in denying its application for an award of fees under A.R.S. § 12–341.01. Because an award of fees under this statute is available only to the prevailing party and Country Mutual is no longer the prevailing party, we need not examine Country Mutual's arguments.

¶ 25 Fonk requests an award of her attorneys' fees incurred in this appeal but does not state any basis for the request. Because Fonk has not cited any substantive authority for her request, we deny it. *See Haynes v. Syntek Fin. Corp.,* 184 Ariz. 332, 341, 909 P.2d 399, 408 (App.1995). However, as the prevailing party on appeal, Fonk is entitled to an award of her costs incurred in the appeal.

¶ 26 For the foregoing reasons, we reverse and remand on appeal and affirm on cross-appeal.

CONCURRING: WILLIAM F. GARBARINO, Judge and JAMES B. SULT, Judge.

---

2.  As Country Mutual notes, courts in a few states have decided that exhaustion clauses are enforceable to bar claims such as Fonk's. *See Birchfield v. Nationwide Ins.,* 317 Ark. 38, 875 S.W.2d 502 (1994) (legislative intent is clear that limits of liability insurance must be obtained before UIM benefits are available); *Ciarelli v. Commercial Union Ins. Companies,* 234 Conn. 807, 663 A.2d 377 (1995) (under exhaustion language in statute, all policies applicable to accident must be exhausted before UIM coverage applies); *State ex rel. Shelton v. Mummert,* 879 S.W.2d 525 (Mo. 1994) (insureds had to resolve claims against tortfeasor and exhaust his liability coverage before they could make a claim under their UIM coverage); *Amica Mut. Ins. Co. v. Morrison,* 130 N.H. 250, 536 A.2d 199 (1987) (exhaustion clause of UIM policy was consistent with applicable statute).