NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

CUSTOM ACCOUNTING CORPORATION, *Plaintiff/Appellee*,

*v.*

SAL E. MANDER ENTERPRISES, LLC, et al., *Defendants/Appellants*.

No. 1 CA-CV 22-0519
FILED 5-18-2023

---

Appeal from the Superior Court in Maricopa County
No.  CV2018-009543
The Honorable Bradley H. Astrowsky, Judge
The Honorable Richard F. Albrecht, Judge *pro tempore*

**AFFIRMED IN PART, VACATED IN PART**

---

COUNSEL

Medalist Legal PLC, Chandler
By Patrick R. MacQueen, Brandon P. Bodea, Devin M. Tarwater
*Counsel for Plaintiff/Appellee*

Beth K. Findsen PLLC, Scottsdale
By Beth K. Findsen
*Counsel for Defendants/Appellants*

Charles Kirkland Companies, LLC, Phoenix
By Troy D. Roberts
*Counsel for Defendants/Appellants*

GAMESQ, PLC, Phoenix
By Garrick A. McFadden
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Michael J. Brown joined.

---

**C A T L E T T**, Judge:

¶1       Like all humans, judges make mistakes (yes, even appellate judges). Arizona Rule of Civil Procedure 60 accounts for that fallibility. Rule 60(a), for example, allows a superior court to amend a final judgment to fix "a clerical mistake or a mistake arising from oversight or omission." And Rule 60(b) allows a superior court to relieve a party from a final judgment due to, among other things, a "mistake."

¶2       This appeal requires us to decide whether Rule 60(a) applies after summary judgment for failure to repay a promissory note when an undisputed principal amount owed, an award of pre-judgment interest, and a higher post-judgment interest rate are omitted from a final judgment. We hold that Rule 60(a) permits later inclusion of an undisputed principal amount in an amended judgment, but not a new award of pre-judgment interest or a higher post-judgment interest rate. We, thus, affirm in part and vacate in part the superior court's amended judgment.

**FACTS AND PROCEDURAL BACKGROUND**

¶3       Sal E. Mander Enterprises, LLC ("Sal E. Mander") agreed with Custom Accounting Corporation ("Creditor") to purchase certain assets (primarily, a client list) of Creditor's accounting business for $165,000. Sal E. Mander made a down payment of $50,000 and, along with its manager, signed a promissory note for the remaining $115,000, "bear[ing] no interest." Sal E. Mander never made the payment. Creditor sued Sal E. Mander and others (collectively, "Debtors") for breach of the promissory note and later moved for summary judgment, which the superior court granted. On January 11, 2021, after resolving other disputes, the court issued a "final judgment in [Creditor's] favor on Count I – Breach of Contract of the Verified Complaint[.]" We refer to that judgment as the "original judgment." The original judgment included "fees in the amount of $72,568.50 and taxable costs in the amount of $1,966.10, plus post-judgment interest at the statutory rate of 6.25% per annum [from] the date of Judgment until paid in full." The original judgment did not contain a monetary award for breach of contract.

¶4            More than fifteen months later, Debtors filed a motion to enforce the original judgment, arguing the total amount of damages due was $74,534.60 because the original judgment listed only an amount for attorneys' fees and costs and not for principal owed on the promissory note. Creditor responded with a motion under Rule 60(a) to amend the original judgment to include the $115,000 principal amount owed on the promissory note, plus 10% interest. Debtors argued the requested amendment stemmed from a substantive omission, not a clerical mistake, and thus Creditor's only avenue for relief was Rule 60(b). Debtors argued Creditor could not obtain relief under Rule 60(b) because Creditor's motion came more than six months after entry of the original judgment. *See* Ariz. R. Civ. P. 60(c)(1).

¶5            A superior court judge referred the motions to a court commissioner. The commissioner reviewed the motions and concluded that Rule 60(a) applied. The commissioner, therefore, issued a new judgment, changing the language in the original judgment to the following: "[G]ranting final judgment in favor of [Creditor] against [Debtor], on Count I – Breach of Contract of the Verified Complaint, in the amount of $115,000.00, plus pre-judgment and post-judgment interest at the statutory rate of 10% per annum from the date of Judgment, January 11, 2021, until paid in full[.]" We refer to that judgment as the "amended judgment."

¶6            Debtors timely appealed the amended judgment. We have jurisdiction under A.R.S. § 12-2101.

## DISCUSSION

### I.    Application of Rule 60(a)

¶7            Debtors argue Rule 60(a) is off limits to amend a judgment to specify $115,000 owed, plus pre- and post-judgment interest, for a breach of contract. Debtors argue the court's only option was Rule 60(b), which has a six-month deadline that had long passed when Creditor sought the amended judgment.

¶8            We apply *de novo* review to the superior court's decision to apply Rule 60(a) to the facts presented. *See In re $11,660.00 U.S. Currency*, 251 Ariz. 106, 108 ¶ 8 (App. 2021). We apply an abuse of discretion review to the court's ultimate decision on whether relief is justified under Rule 60(a) and, if so, how relief is provided. *Cf. City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985) ("[T]he standard we apply to the review of a trial court's order granting or denying relief under Rule 60(c) is whether the court abused its discretion.").

**¶9** Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission if one is found in a judgment." Ariz. R. Civ. P. 60(a). The Rule allows the superior court to make a correction "on motion or on its own" and contains no deadline. *See* Ariz. R. Civ. P. 60(a). Rule 60(b) permits a court to "relieve a party . . . from a final judgment" based on "mistake, inadvertence, surprise, or excusable neglect." Ariz. R. Civ. P. 60(b)(1). Unlike Rule 60(a), Rule 60(b) has a six-month deadline. *See* Ariz. R. Civ. P. 60(c)(1).

**¶10** "A clerical error occurs when the written judgment fails to accurately set forth the court's decision." *Vincent v. Shanovich*, 243 Ariz. 269, 271 ¶ 8 (2017). Rule 60(a), therefore, applies when "[t]he error is inadvertent," which can take the form of "a misstatement or omission" or some other form. *Id.*

**¶11** Rule 60(a) does *not* apply when the error is "judgmental." "A judgmental error occurs when the court's decision is accurately set forth but is legally incorrect." *Id.* Rule 60(a), therefore, does not permit the "changing of a judgment . . . which was entered as the court intended." *Ace Auto. Prod., Inc. v. Van Duyne*, 156 Ariz. 140, 142–43 (App. 1987). Put differently, Rule 60(a) "authorizes the correction of 'clerical' errors—to show what the court actually decided but did not correctly represent in the written judgment; it may not be used to correct 'judicial errors'—to supply something that the court could have decided, but did not." *Egan–Ryan Mech. Co. v. Cardon Meadows Dev. Corp.*, 169 Ariz. 161, 166 (App. 1990).

**¶12** If a party claims a final judgment reflects a clerical error, "the [superior] court should examine the record to determine whether the judgment accurately recorded the court's intent." *Vincent*, 243 Ariz. at 271 ¶ 8. If the answer is no, "the judgment should be corrected." *Id.* Then, the test on appeal is this: whether the superior court rightly utilized Rule 60(a) turns on whether the superior court's mistake "occurred in rendering judgment or in recording the judgment rendered." *Ace Auto. Prod., Inc.*, 156 Ariz. at 142.

**¶13** Our prior case law discussing Rule 60(a) provides some more context about those species of amendments that are *not* clerical. In *Ace Automotive*, the superior court entered judgment on a promissory note in an amount that the defendants later challenged. *See id.* at 143. The amount reflected in the judgment (the amount the defendants took issue with) was the amount the superior court intended to include. *See id.* We concluded Rule 60(a) was the wrong vehicle for the defendants' request to amend the intended amount because the purported error "was not clerical but

4

judgmental." *See id.* In *Egan-Ryan Mech. Co.*, we held the trial court could not use Rule 60(a) to amend a judgment to add language disposing of two counts of a counterclaim. 169 Ariz. at 166. And in *Minjares v. State*, the superior court included a standard post-judgment interest provision in the judgment. 223 Ariz. 54, 60 ¶ 26. We held "[t]he omission of a proviso that, if the State appealed, the interest rate would be modified . . . was not a clerical error." *Id.* Thus, Rule 60(a) did not apply.

¶14            Here, the superior court used Rule 60(a) to change three components of the original judgment—(1) a missing amount for principal owing under the promissory note, (2) a missing pre-judgment interest award, and (3) a higher interest rate for post-judgment interest (10% vs. 6.25%). This requires us to answer the following question: Does each change stem from a clerical or judgmental mistake? We conclude that omitting the principal amount due was a clerical mistake, but omitting an award of pre-judgment interest and including a lower interest rate for post-judgment interest were both judgmental mistakes.

¶15            Taking the amount of damages first, the superior court used Rule 60(a) to amend the original judgment to reflect the principal amount due on the promissory note. Debtors argue the failure to include that amount was a judgmental error. Debtors contend damages in the original judgment were only intended to include attorneys' fees and costs and that the superior court "could have put in $100,000.00," rather than $115,000.00.

¶16            Debtors' view is fantastical. Within days of the pleadings closing, Creditor moved for summary judgment on its breach of contract claim. In a separate statement of facts in support of that motion, Creditor asserted that it "is currently owed $115,000 under the Note." In response to the motion for summary judgment, Debtors argued exclusively that Creditor's prior material breach excused Debtors' further performance. Debtors did not argue they ever made any payment on the promissory note, and they did not produce evidence supporting the existence of a material factual dispute regarding the amount owed. The superior court noticed the lack of disagreement regarding the amount owed and commented on it in its subsequent ruling granting summary judgment: "It is undisputed that Defendants executed the promissory note and that they did not make the $115,000 payment."

¶17            Defendants also did not contest the amount owed when they later opposed Creditor's request for entry of the amended judgment. To the contrary, Debtors tacitly admitted the amount due was $115,000 by accusing Creditor of failing to offer evidence why it "left $115,000 off of the

Final Judgment." The first time Debtors suggested that the principal amount could have been anything other than $115,000 is to us on appeal. *See Cullum v. Cullum*, 215 Ariz. 352, 355 ¶ 14 n.5 (App. 2007) (noting that "a party cannot argue on appeal legal issues not raised" in the trial court).

**¶18** We hold that Rule 60(a) applies when the superior court omits a number reflecting an *uncontested* amount for damages from a final judgment. Entering a judgment missing an amount for damages upon which all parties agree, and the trial court then adopts, is a clerical, not judgmental, error. When an uncontested damages amount is omitted, the final judgment reflects "what the court actually decided but did not correctly represent," and not "something that the court could have decided, but did not." *See Egan-Ryan Mech. Co.*, 169 Ariz. at 166. Thus, Rule 60(a) permitted the superior court to amend the final judgment to reflect the undisputed principal amount owing on the note.

**¶19** Debtors argue the superior court erred by not hearing testimony or making factual findings about why the original final judgment was missing a damages amount. Debtors rely on *Crye v. Edwards*, where we said that "[t]rial courts must generally engage in factfinding to determine whether to grant relief under Rule 60(a)." 178 Ariz. 327, 329 (App. 1993). Debtors' reliance on that statement is misplaced in two respects. First, neither *Crye* nor any other opinion—not to mention the actual text of Rule 60(a)—says that the superior court *must* engage in factfinding before correcting a clerical mistake. Second, context matters—and the *Crye* court made the relied-upon statement in a markedly different context. There, the party moving under Rule 60(a) claimed the court clerk made a clerical mistake. In that situation, factfinding was appropriate "to resolve Crye's allegation of a filing error by the clerk." *See id.*; *see also Todd v. Todd*, 137 Ariz. 404, 407–08 (App. 1983) (requiring the trial court to act as a factfinder to determine whether the clerk of this Court caused a timely appeal to be recorded as untimely); *M-11 Ltd. P'ship v. Gommard*, 235 Ariz. 166, 170 ¶ 12 (App. 2014) (explaining that a Rule 60(a) request "triggered the superior court's factfinding function, requiring it to determine if the filing date of record, August 7, 2012, was a clerical mistake[.]").

**¶20** Here, it was the court itself, and not an independent actor (like the clerk), who was alleged to have made a clerical mistake. The court, thus, could "examine the record to determine whether the judgment accurately recorded the court's intent." *Vincent*, 243 Ariz. at 271 ¶ 8. The record reflected that the parties did not dispute the damages amount for the breach of contract claim, which the court then adopted. Yet the court omitted the undisputed amount from the original judgment. The court, therefore, was

legally correct in later proceeding under Rule 60(a). And the court did not abuse its discretion in granting relief and issuing an amended judgment reflecting the undisputed principal balance of $115,000.

¶21 Debtors also direct us to the U.S. Supreme Court's recent opinion in *Kemp v. United States*, which involved Federal Rule of Civil Procedure 60(b), for the proposition that a mistake "includes a judge's error of law." 142 S. Ct. 1856, 1860 (2022). Nothing in *Kemp* is inconsistent with prior Arizona decisions applying Rule 60(a) or how we do so here. If a trial judge makes an error of law, that constitutes a judgmental error falling outside Rule 60(a). The superior court here did not make an error of law when it omitted an undisputed amount for damages. Although Debtors concede "the substantive underlying case and the summary judgment granted . . . are not at issue in this appeal," they argue the court made an error of law because it added a "new amount" which was "guessed at." But $115,000 was not "guessed at"—it was the undisputed amount due on the promissory note, and Debtors never claimed otherwise until they appealed. Simply amending the original judgment to reflect that amount fulfilled the court's original intent. Doing so fixed a mistake made in recording the judgment, not in rendering it. *See Ace Auto. Prod., Inc.*, 156 Ariz. at 142.

¶22 Debtors next challenge the inclusion of pre- and post-judgment interest in the amended judgment. The superior court did not include pre-judgment interest in the original judgment and set post-judgment interest at 6.25% per year from the date of judgment. In the amended judgment, the superior court awarded pre-judgment interest and increased post-judgment interest to 10%, both running from the date of the original judgment. If omitting pre-judgment interest and setting the post-judgment rate at 6.25% (instead of 10%) were mistakes, those mistakes were "judgmental" because they "occurred in rendering judgment." Unlike damages for the breach of contract claim, the superior court never made a substantive decision on pre- or post-judgment interest—the court just included post-judgment interest in the original judgment. Nothing in the record supports that the court erred in *recording* some prior decision about pre- or post-judgment interest. Instead, rendering a substantive decision on pre- or post-judgment interest was "something that the court could have decided, but did not." *See Egan-Ryan Mech. Co.*, 169 Ariz. at 166.

¶23 That the court legally erred by including post-judgment interest in the original final judgment, and pre- and post-judgment interest in the amended judgment, further underscores the "judgmental" nature of the decision on those matters. *See Vincent*, 243 Ariz. at 271 ¶ 8 ("A judgmental error occurs when the court's decision is accurately set forth but

is legally incorrect.").  At the time of the original and amended judgments, A.R.S. § 44-1201(A) provided that "[i]nterest on any loan, indebtedness or other obligation shall be at the rate of ten per cent per annum, *unless a different rate is contracted for in writing*, in which event any rate of interest may be agreed to."  (Emphasis added).  The statute also said post-judgment interest on indebtedness "shall be *at the rate of interest provided in the agreement* and shall be specified in the judgment."  A.R.S. § 44-1201(A)(2) (emphasis added).

¶24        In this case, the "indebtedness" is the promissory note, and the parties agreed therein the debt would "bear no interest."  *See Metzler v. BCI Coca-Cola Bottling Co. of L.A., Inc.*, 235 Ariz. 141, 146 ¶ 19 (2014).  The rate of interest statute, therefore, required the court to omit any award of pre- or post-judgment interest from both the original and amended judgments.  *See* A.R.S. § 44-1201(A); *Fleming v. Tanner*, 248 Ariz. 63, 68 ¶ 16 (App. 2019) ("We decline to construe § 44-1201 as operating to impose interest when the parties have chosen not to require it[.]").  We, accordingly, vacate the portion of the amended judgment awarding pre- and post-judgment interest at a rate of 10% per year.

¶25        Based on the interest-free nature of the promissory note, the original judgment also should not have included any post-judgment interest.  But Debtors lost the opportunity to challenge that error when they failed to appeal the original judgment.  On remand, therefore, the superior court should amend the amended judgment (again, under Rule 60(a)) to revert to the 6.25% post-judgment interest rate in the original judgment.

¶26        Last, Debtors argue that Rule 96(a) of the Rules of the Supreme Court of Arizona does not grant the superior court commissioner adjudicatory authority to enter the amended judgment.  Debtors did not object in the superior court to the commissioner's authority, thereby waiving the argument.  *See In re Est. of de Escandon*, 215 Ariz. 247, 252 ¶ 16 (App. 2007) (explaining that a litigant "waived any claim that [a court commissioner] lacked authority to preside over contested probate matters by not objecting before the hearing commenced").[1]

---

[1]     We also note that, at all relevant times, the Arizona Supreme Court had designated all Maricopa County Superior Court commissioners, including the commissioner presiding in this case, as judges *pro tempore* to perform judicial duties, as authorized under A.R.S. § 12-144.  *See* Ariz. Sup. Ct., Pro Tem Order Nos. 2021-23, 2022-37.

## II.    Attorney's Fees

**¶27**        During this litigation, the superior court entered several judgments awarding Creditor attorneys' fees and costs.  In addition to challenging the amended judgment, Debtors attempt to challenge one of those awards of attorneys' fees and costs.  On October 6, 2022, the superior court issued a separate judgment granting Creditor's application for attorneys' fees and costs stemming from post-judgment proceedings.  On November 14, 2022, Debtors filed a second amended notice of appeal of "the Judgment entered October 6, 2022 awarding additional attorney fees of $88,484.50 and costs of $1,904.93."  A notice of appeal must be filed "no later than 30 days" after judgment.  Ariz. R. Civ. App. P. 9(a).  Because the 30-day deadline fell on a weekend, Debtors had to file their notice of appeal on or before Monday, November 7, 2022.  Debtors filed their notice of appeal on Monday, November 14, 2022—a week too late.  We, therefore, do not have jurisdiction over, and do not address, the judgment referenced in Debtors' second amended notice of appeal. *In re Marriage of Thorn*, 235 Ariz. 216, 218 ¶ 5 (App. 2014).

**¶28**        Both Creditor and Debtors request attorneys' fees and costs on appeal.  Debtors did not "specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees" in their opening brief, and so their request is denied.  *See* Ariz. R. Civ. App. P. 21(a)(2); *Country Mut. Ins. Co. v. Fonk*, 198 Ariz. 167, 172 ¶ 25 (App. 2000) (denying attorneys' fees on appeal when the party failed to cite any substantive authority for the request).

**¶29**        Creditor requests an award of attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01, claiming it is the successful party.  In determining the successful party, a court considers the totality of the circumstances and the relative success of the parties.  *See McAlister v. Citibank*, 171 Ariz. 207, 216 (App. 1992).  A party may be "successful" without recovering the full measure of relief it requests. *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430 (App. 1994).  Our vacatur of the amended judgment's award of pre- and post-judgment interest does not change that Creditor generally "accomplished the result sought in the litigation."  *See Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 189 (App. 1983).  In our discretion, therefore, we award Creditor a portion of its reasonable attorneys' fees on appeal subject to compliance with Arizona Rule of Civil Appellate Procedure 21.  Creditor's fee application, as well as any response from Debtors, should address what percentage of fees Creditor should be awarded based on the Court's affirming in part and

vacating in part the amended judgment.  In the exercise of our discretion, we decline to award costs on appeal to any party.

## CONCLUSION

**¶30**        We vacate the superior court's inclusion of pre- and post-judgment interest in the amended judgment and remand with instructions to further amend the amended judgment (under Rule 60(a)) to reflect -post-judgment interest at the "rate of 6.25% per annum" from the date of the original judgment (January 11, 2021) until paid in full.  We otherwise affirm the amended judgment.

